### SUTHERLAND v. KIRKLAND et al.

(Court of Civil Appeals of Texas. Feb. 7, 1911.)

1. TRIAL (§ 403*)—CONCLUSIONS OF FACT AND LAW.

Rev. St. 1895, art. 1333, provides that on a trial by the court the judge shall, at the request of either of the parties, state in writing the conclusions of facts found by him separately from the conclusions of law. which conclusions of fact and law shall be filed by the clerk and constitute a part of the record, and by Acts Ex. Sess. 1907, c. 7, the time for filing such conclusions was extended to 10 days after adjournment. *Held,* that there is no authority for filing such conclusions after the time allowed, except possibly in case it be shown that the same could not have been filed sooner.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 954–956; Dec. Dig. § 403.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**2. TRIAL (§ 403*)—CONCLUSIONS OF LAW AND FACT.**

It is the plain right of any party upon seasonable application to have proper conclusions filed and within the time required by law, and parties are not required to accept conclusions filed after such time and run the hazard of having them stricken.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 954–956; Dec. Dig. § 403.*]

**3. APPEAL AND ERROR (§ 549*)—REVIEW—BILL OF EXCEPTIONS.**

Rev. St. 1895, art. 1333, and Acts Ex. Sess. 1907, c. 7, require in a cause tried by the court conclusions of law and fact to be filed within 10 days after the term on request of either party. *Held,* that a bill of exceptions, complaining of the failure of the judge to file the conclusions "during the term" where 18 days had elapsed at the time the bill was taken, would not be ignored.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 549.*]

**4. APPEAL AND ERROR (§ 1165*)—RECORD—REVIEW.**

Where the trial court failed to file conclusions of law and fact within 10 days after the term, as required by Rev. St. 1895, art. 1333, and Acts Ex. Sess. 1907, c. 7, appellant on bringing the cause to the appellate court without any statement of facts would be entitled to a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4522; Dec. Dig. § 1165.*]

**5. APPEAL AND ERROR (§ 1165*)—REVIEW.**

Where the trial court failed to file conclusions of law and fact on request of appellant within the time specified under Rev. St. 1895, art. 1333, and Acts Ex. Sess. 1907, c. 7, but there was in the record a statement of facts prepared by appellant sufficient to warrant an examination of the assignments of error, the cause would not be reversed for want of conclusions.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1165.*]

**6. COVENANTS (§ 130*)—WARRANTY—BREACH.**

Where, in trespass to try title, the judgment gave a vendee the land called for by his deed, and as much as he purchased, he was not entitled to recover against his grantor on his cross-action against him for breach of warranty on the ground that he bought with reference to a line which had been established by agreement between his grantor and adjoining owners in contemplation of his purchase, and that he did not receive a portion of the land that he supposed he would receive, where it did not appear that the land he claimed to have lost was of any greater proportionate value than that which he received in place thereof under the judgment.

[Ed. Note.—For other cases, see Covenants, Dec. Dig. § 130.*]

**7. TRESPASS TO TRY TITLE (§ 56*)—IMPROVEMENTS.**

Where a judgment in trespass to try title recited that the parties had agreed that any improvements on the land adjudged to any party might be removed by the owner within 30 days, and it was ordered that no writ of possession should issue for 30 days, it was proper not to allow a party the value of that portion of his barn located on a strip of land which he was not awarded by the judgment, and proper not to allow him what it would cost him to remove it.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 56.*]

**8. COSTS (§ 32*)—APPORTIONMENT.**

Where, in trespass to try title, it appeared that one defendant had been responsible for the entire litigation, and his contentions were not sustained, it was proper to adjudge plaintiff all costs against such defendant, and that the other defendants recover all costs against him.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*]

Error from District Court, Harris County; W. P. Hamblen, Judge.

Action by W. H. Kirkland, as executor, against William Sutherland and others. Judgment in favor of plaintiff, and defendant Sutherland brings error. Affirmed.

Sam, Bradley & Fogle, for plaintiff in error. Hunt, Myer & Townes, for defendant in error Kirkland. Love & Channell, for defendant in error Edmundson.

REESE, J. This is an action in form of trespass to try title by W. H. Kirkland, executor, against William Sutherland, W. L. Edmundson, Mrs. A. Schweikart, and others whose connection with the case is immaterial, to recover property embracing, according to the boundaries in the amended petition, all of lots 1 and 2, and part of lot 12, in block 289, in the city of Houston, fronting 150 feet on Clay avenue and 95 feet on Jackson street. As the case was tried it turned upon the location of the boundaries between lot 12, owned by Kirkland, executor, and a tract 50 feet by 95 feet embracing the west end of lots 1 and 2 adjoining lot 12, belonging to Mrs. Schweikart, and between Mrs. Schweikart's lot and a tract 50 feet by 95 feet, being the east end of lots 1 and 2, adjoining the part owned by Mrs. Schweikart, belonging to William Sutherland. Lot 12 had a frontage of 50 feet on Clay avenue. Mrs. Schweikart's lots fronted on Clay avenue 50 feet, running back between parallel lines across lot 1, 50 feet, and lot 2, 45 feet. Sutherland's part fronted 50 feet on Clay avenue, running back 50 feet on lot 1 and 45 feet on lot 2, giving him a frontage of 95 feet on Jackson street. Lot 1 has a front of 50 feet on Jackson street and lies along Clay avenue abutting thereon 100 feet. Lot 2 lay next to it, fronting 25 feet on Jackson street. As we understand the situation from the record, Mrs. Schweikart's west fence extended about 4 feet over on what Kirkland claimed to be lot 12, and the fence between Mrs. Schweikart and Sutherland was the same distance over on Mrs. Schweikart's lot, as found by the court. The real dispute as presented by this appeal is as to the 4 feet east of this fence, which the court found to be part of Mrs. Schweikart's lot, but which Sutherland claims to be part of the land sold to him by Edmundson.

Kirkland's testatrix had originally owned all of the property, but he had sold to Edmundson lots 1 and 2, a tract fronting 100

feet on Clay avenue and 95 feet on Jackson street, and adjoining lot 12, still owned by him, on the west. Edmundson then sold to Mrs. Schweikart the 50 by 95 feet of lots 1 and 2 abutting on lot 12, and afterwards the 50 by 95 feet of lots 1 and 2 lying between Mrs. Schweikart's part and Jackson street, being the east half of the two lots. The case was tried without a jury, resulting in a judgment establishing the different lines as claimed by the plaintiff, by which Sutherland got the 50 by 95 feet conveyed by the terms of his deed from Edmundson. By the result Sutherland's lot was moved 4 feet further east than it should be located as claimed by him, giving him 50 feet front on Clay avenue and 95 feet on Jackson street. But his contention seems to be that he bought with reference to a line which had been established by agreement between Kirkland, Mrs. Schweikart, and Edmundson, made just before and in contemplation of his purchase, whereby the lines of his lot were located so as to place it 4 feet further west than it was according to the lines established by the court. He claims that according to the lines thus run, his part ran up to the fence between his lot and that of Mrs. Schweikart. It was also contended by him that relying upon this location of the lines he in good faith had placed certain improvements on the disputed 4 feet, and he prayed to be reimbursed therefor. He further, by cross-action against Edmundson, set up his purchase on the faith of the survey establishing the lines as claimed by him, and prayed for damages against Edmundson, on his warranty, in case he lost any of the land located by this survey, on part of the lots 1 and 2 conveyed to him. The deed to Sutherland described the land conveyed as "50 feet by 95 feet of ground fronting 50 feet on Clay avenue and running back for depth between parallel lines and making a front on Jackson street of 95 feet, being 50 by 50 feet of lot 1 and 45 feet by 50 feet of lot 2, all in block 289," etc. We do not understand that any contention is made on this appeal that Sutherland did not receive by the judgment the land conveyed by the terms of the deed, nor does he present, by any assignment of error, the contention that the judgment, in so far as it establishes the respective lines, is erroneous. It clearly appears that if the line between himself and Mrs. Schweikart be established at the present fence between them, Sutherland will get 4 feet more ground than is called for in his deed, and that much more, in quantity, than he bought and paid for. The question presented by the assignments of error is as to the refusal to allow him to recover on his warranty against Edmundson the proportionate value of the 4 feet on that part of lots 1 and 2 adjoining Mrs. Schweikart's lots, which he was led to believe by the agreed survey referred to was a part of the lots sold to him, and the value of his improvements. All of the parties seem to be satisfied with the judgment except Sutherland, who brings the case to this court on writ of error.

The main contention as we view it, of plaintiff in error, is presented by his first assignment of error, by which he claims that the judgment should be reversed on account of the failure of the court to file its conclusions of fact and law, and is based upon the following facts as shown by the record.

The case was tried on June 9, 1909. Plaintiff in error's motion for a new trial was overruled on the 25th of June, on which date he filed in writing, and called to the attention of the court, a motion or request to the court to file conclusions of fact and law. The term of the court ended on August 17, 1909. On September 4, 1909, plaintiff in error presented to the court his bill of exceptions to the action of the court in failing to file its conclusions "during the term." This bill was signed with the qualification or explanation that the court filed the conclusions after the adjournment of the term. As shown by the record, what the court intended for such conclusions was filed on the 4th of September, the same day the bill of exceptions was presented, and on the 18th day after the adjournment of the court for the term. Plaintiff in error prepared a statement of facts, which was adopted by the court, the parties having failed to agree, and defendants in error having prepared no statement. This statement of facts is in the record.

While we have concluded that the judgment should not be reversed on account of this failure of the court to file proper conclusions within the time required by law—that is, within 10 days after adjournment—for reasons which will be hereafter stated, the condition presented, we think, calls for some expression of our views upon the question presented.

The provisions of article 1333, Rev. St. 1895, are plain and imperative. "Upon a trial by the court the judge shall, at the request of either of the parties, also state in writing the conclusions of fact as found by him separately from the conclusions of law, which conclusions of fact and law shall be filed by the clerk and constitute a part of the record." These conclusions were to be filed during the term, and by properly excepting thereto an appeal might be prosecuted from the judgment without a statement of facts. The time for filing such conclusions was afterwards extended to 10 days after adjournment. Section 1, c. 7, 1st Called Sess. 30th Leg., Acts 1907, p. 446. There is no authority for filing such conclusions after the time allowed, except possibly in case it be shown that the same could not have been filed sooner. Osborne v. Ayers, 32 S. W. 74. So that it is entirely clear that it is a plain statutory right of any party in a case tried by the court without a jury, upon seasonable appli-

cation therefor, properly called to the attention of the court, to have proper conclusions filed, and within the time required by law. Parties are not required to accept conclusions filed after such time and run the hazard of having them stricken out for this cause. One purpose of the statute, as plainly stated, is that parties may be enabled to appeal without going to the expense, often useless, where proper conclusions are filed, of bringing up a statement of facts. We quote with approval from the opinion of Judge Head in Osborne v. Ayers, supra: "We are not prepared to hold that appellant's statutory right to have these conclusions filed could be made subservient to the disposition of other business of the court." These conclusions are a part of the proper procedure in the trial of the case.

In the bill of exceptions taken by plaintiff in error he excepts to the failure of the judge to file the conclusions "during the term," and the contention is made by defendants in error that the law did not require this, but allowed 10 days after the term. Eighteen days had elapsed at the time the bill of exceptions was taken, and while it is technically inaccurate we are not disposed to ignore it on that account. Clearly what plaintiff in error was excepting to is the failure to file the conclusions as required by the statute. Whether they had been filed at all at that time or not does not appear, though they appear to have been filed that day.

In Callaghan v. Grenet, 66 Tex. 240, 18 S. W. 508, it is said by the court: "What the statute requires is a succinct and clear statement of what the judge thinks is the true result of the evidence," and we doubt whether the conclusions filed in this case can be considered at all as a compliance with the statute. They are a mere skeleton, and could not be of any value whatever in presenting the case on appeal.

If plaintiff in error had contented himself, as was his clear right, with bringing the case here without any statement of facts at all he would have been entitled to have the judgment reversed on account of the failure of the trial court to prepare and file, within the time required by law, proper conclusions. Buckner v. Davis, 129 S. W. 639. Where, as in this case, insufficient conclusions are filed after the time allowed by law, plaintiff was not required to request further findings.

There is, however, in the record a statement of facts prepared by plaintiff in error himself, and a very cursory examination of such statement enables us to see that the case as presented by the assignments of error can be satisfactorily determined without the conclusions of the trial court. The facts, as to the contentions presented by the assignments, are few, simple, and practically undisputed. To reverse for want of conclusions of fact of the trial court in such case can serve no other purpose than to rebuke the court at the expense of the litigants. This we are not disposed to do. Jacobs v. Nussbaum & Scharff (by this court, opinion filed January 7, 1911) 133 S. W. 484. The first assignment of error is overruled.

Without discussing in detail the several remaining assignments of error, it will be sufficient, we think, in disposing of the appeal to give our views as to the questions presented. We have already stated the issues involved. None of the assignments of error presents objections to the judgment as to the location of the respective boundary lines. There is no question that plaintiff in error by the judgment gets the land that was conveyed, and that if it is not located exactly as he supposed it would be, and if he loses four feet on the west which he supposed he was buying, he get four feet on the east to make up for it, the only difference between the land actually conveyed to him, and that which he claims he was led to believe was included in his deed, is that the lot is moved four feet to the east. There is no attempt made to show that the land he claimed to have lost is of any greater proportionate value than the remainder, or that he is not fully compensated by the four feet on the east. He could not reasonably expect to get both, which would give him just that much more than he bought and paid for. This conclusion does not in any way conflict with the cases cited by plaintiff in error holding that if the vendor points out land as included in the land which he is selling, but which is not so included within the description in the deed, the warranty of title will cover that portion of the land thus pointed out. Chestnut v. Chism, 20 Tex. Civ. App. 23, 48 S. W. 553; Meade v. Warring, 13 Tex. Civ. App. 320, 35 S. W. 310. There is no right of recovery on the warranty, as there was no damage shown.

It is recited in the judgment that the parties had agreed that any improvements on the land adjudged to any party may be removed by the owner within 30 days, and in pursuance of this recited agreement, which is not denied by plaintiff in error, it was ordered that no writ of possession should issue for 30 days, the purpose being to allow any of the parties that length of time to remove improvements. In view of this agreement and judgment there was no error in refusing to allow plaintiff in error the value of that portion of this barn located on the disputed four feet if such had been practicable at all, nor in not allowing him what it would cost him to remove them.

The court adjudged that Kirkland, executor, recover all costs of plaintiff in error and Mrs. Schweikart, and that they and the other defendants recover all costs of plaintiff in error. We do not think this was error. Plaintiff in error seems to have been responsible for the entire litigation.

We have examined all of the assignments of error and the several propositions thereunder, and are of the opinion that none of them presents sufficient grounds for reversal.

We find no error requiring the judgment to be reversed, and it is therefore affirmed.

Affirmed.