**TEXAS & N. O. R. CO. v. HIGHLAND DAIRY CO.**

(Court of Civil Appeals of Texas.    April 22, 1911.)

APPEAL AND ERROR (§ 1071*)—REFUSAL TO FILE CONCLUSIONS OF LAW AND FACT.

The refusal of the court, on request, to file written conclusions of fact and law, as required by Rev. St. 1895, art. 1333, is reversible error,

unless the statement of facts shows such refusal was not prejudicial; and a party complaining of such a refusal need not prepare a statement of facts to protect himself from the prejudicial effects of this error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by the Highland Dairy Company against the Texas & New Orleans Railroad Company. A judgment for plaintiff was rendered in the justice court, and on appeal to the county court a judgment in favor of plaintiff was rendered, from which the defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood and Parker, Orgain & Butler, for appellant. John J. & David E. O'Fiel, for appellee.

REESE, J. The Highland Dairy Company sued the Texas & New Orleans Railroad Company in the justice court to recover $125, alleged to be the value of two head of cattle killed by appellant, and also $20 as attorney fees, under the statute. The plaintiff had judgment in the justice court for the amount claimed, from which defendant appealed to the county court. In the county court plaintiff recovered judgment for $120 as the value of the cattle, from which judgment this appeal is taken.

There is no statement of facts in the record. From a bill of exceptions, duly approved by the court, it appears that when the judgment was rendered the defendant in open court requested the court to file, separately and in writing, its conclusions of fact and of law, and that such request was entered by the court on its docket; that defendant also filed its motion in writing to have the court file such conclusions, and that the court failed to do so within the time required by law. Such written motion, filed the same day the judgment was rendered, is also in the record. It thus is made very clearly to appear that a request from the appellant to the court to file conclusions of fact and law, as required by the statute, was made and was properly brought to the attention of the court, and was by the court ignored, to which appellant excepted.

It has been held by this court, following a decision of the Supreme Court here cited, that where there is a statement of facts in the record, from which it satisfactorily appears that the appellant is not prejudiced by the failure of the trial court to file conclusions of fact and law when requested, the judgment will not be reversed on this ground. Bank v. Stout, 61 Tex. 571; Jacobs v. Nussbaum & Scharff, 133 S. W. 484; Sutherland v. Kirkland, 134 S. W. 851, decided by this court at present term. In the case last cited there is citation of authorities upon the question of the right of an appellant to a reversal of the judgment, where there is a refusal or failure of the trial court, upon proper request seasonably made, to file written conclusions of fact and law, as required by article 1333, Rev. St. Appellant was under no obligation to the court, or to the appellee, to send up a statement of facts, in order to protect himself from the injurious consequences of the court's failure to do its plain statutory duty. He was entitled to have the written conclusions incorporated in the record, and it is only when the statement of facts shows that he suffered no injury by the denial of this right that the judgment will not be reversed on this ground alone.

For the error indicated, the judgment is reversed, and the cause remanded. Werner Stave Co. v. Smith, 120 S. W. 247, and cases cited.

Reversed and remanded.