SHEPHERD & DAVENPORT v. McEVOY.
(Court of Civil Appeals of Texas. Galveston. Feb. 3, 1912.)

1. EXCEPTIONS, BILL OF (§ 40*)—FILING—EXTENSION OF TIME.
   The county court may, by orders entered at a subsequent term, extend the time of filing of bills of exception and statements of fact.
   [Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 57–64; Dec. Dig. § 40.*]

2. DAMAGES (§ 228*)—REMITTITUR.
   Error in awarding more than the petition claimed may be cured by a remittitur in accordance with Rev. St. 1895, arts. 1354–1359.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 576–579; Dec. Dig. § 228.*]

3. APPEAL AND ERROR (§ 1071*)—REFUSAL TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW—REVERSAL.
   Where there is a request for the filing of findings of fact and conclusions of law, the trial court's refusal to file such findings and conclusions will be ground for reversal, unless there is a statement of facts in the record from which it appears that the party appealing was not prejudiced.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

4. APPEAL AND ERROR (§ 1071*)—REVIEW—HARMLESS ERROR.
   Where the only issues in an action for the price of an oil strainer were whether the plaintiff guaranteed the strainer and whether there was a breach of the guaranty, and there was evidence warranting a finding for plaintiff on both issues, the refusal of the trial court to file findings of fact and conclusions of law was harmless error.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

Error to Jefferson County Court; R. W. Wilson, Judge.

Action by J. H. McEvoy against Shepherd & Davenport. There was a judgment for plaintiff, and defendants bring error. Affirmed.

W. P. Mollette and Barry & Burges, for plaintiffs in error. Blain & Howth, for defendant in error.

REESE, J. This is an appeal from a judgment of the county court of Jefferson county. J. H. McEvoy sued Shepherd & Davenport upon open account for $544.76 for a strainer for an oil well sold by plaintiff to defendants. Petition alleges that $100 had been paid, and the suit is to recover the balance $444.76. Defendants urged as a defense to the action that the strainer had been purchased under an express guaranty and that such guaranty had been breached; the strainer not coming up to the terms of the guaranty. The case was tried without a jury, resulting in a judgment for plaintiff for $544.76. Plaintiff in open court entered a remittitur of $100, alleging that the judgment had by mistake been rendered for $544.76, instead of $444.76, the amount claimed. By appropriate orders entered upon the minutes, the remittitur was allowed and execution ordered only for $444.76. From the judgment against them, defendants prosecute this appeal by writ of error.

[1] Defendants in error filed a motion to strike out the statement of facts and bills of exceptions which is based upon the allegation that the same were not filed within the time allowed by order of the court made at the term at which the judgment was rendered, and that the subsequent orders extending the time were made in vacation. These orders were in fact made after the adjournment of the court for the term at which the judgment was rendered, but it appears from the certificate of the clerk, presented by plaintiffs in error with an answer to the motion, that these orders extending the time were made at a subsequent term of the court, and not in vacation. Hence the motion must be overruled. Hamill v. Samuels, 133 S. W. 419;

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Pecos & N. T. R. Co. v. Cox, 140 S. W. 1078.

[2] There is no merit in the assignment of error that the judgment is for $544.76, while only $444.76 is claimed to be due by the petition. The remittitur cured the error. R. S. arts. 1354–1359.

[3] Plaintiffs in error upon the overruling of their motion for a new trial gave notice of appeal, and requested the court to file written conclusions of fact and law. This was duly entered in the court's order overruling the motion. The court either refused or failed to do so, and plaintiffs in error saved the point by a proper bill of exceptions duly approved by the judge without qualification, explanation, or excuse for this plain breach of duty and disregard of the rights of plaintiffs in error. Ordinarily this would require a reversal of the judgment. T. & N. O. R. Co. v. Highland Dairy Co., 137 S. W. 137; Osborne v. Ayers, 32 S. W. 74; Callaghan v. Grenet, 66 Tex. 240, 18 S. W. 507. We cannot agree with the Court of Civil Appeals of the Fourth District that the judgment will not be reversed in any case on this ground when there is a statement of facts in the record as stated in Haywood v. Scarborough, 102 S. W. 471, and Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 521. We doubt if the court intended to state the rule so broadly. The better rule, we think, is that, where there is a plain, undeniable and inexcusable failure or refusal of the court to file such conclusions, where there is timely request made therefor brought to the notice of the court, and where such is shown by proper bill of exceptions, it will be ground for reversal, unless there is a statement of facts in the record from which it appears that the party appealing could not reasonably have been prejudiced by such failure and refusal. This we think, is the effect of Bank v. Stout, 61 Tex. 567, and Umscheid v. Scholz, 84 Tex. 266, 16 S. W. 1065, by the Supreme Court, and Sutherland v. Kirkland, 134 S. W. 853, and Jacobs v. Nussbaum, 133 S. W. 485, by this court. In T. & N. O. R. Co. v. Highland Dairy Co., 137 S. W. 137, this court reversed the judgment on this ground, there being no statement of facts in the record, saying that appellant had the right to appeal on the conclusions alone, and was under no obligation to prepare a statement of facts to show that the failure to file the conclusions operated to his prejudice. We are not disposed to fritter away by judicial construction this right so plainly given to the party appealing.

[4] But an examination of the statement of facts, in connection with the pleadings, satisfies us that this case comes within the rule of the cases last cited, in that it affirmatively appears that plaintiff in error is not prejudiced by the failure to file conclusions. The issues were very clear and simple, to wit: Did defendant in error expressly guarantee the strainer, and, if, so, was there a breach of this guaranty? The evidence was conflicting, but was sufficient to justify a finding in favor of defendant in error on either or both issues. The court must have found in his favor on one or both of them. Conclusions of fact could only have been that either there was no guaranty, or no breach, if there was a guaranty. Either finding would have supported the judgment. In such case we do not feel justified in reversing the judgment merely as a rebuke to the trial judge.

Other assignments of error do not require a discussion, and are without merit.

We find no ground for reversal, and the judgment is affirmed.

Affirmed.