## POULTER v. SMITH.

(Court of Civil Appeals of Texas. Ft. Worth. March 16, 1912. Rehearing Denied April 13, 1912.)

1. APPEAL AND ERROR (§ 1071*)—FAILURE OF TRIAL JUDGE TO FILE CONCLUSIONS—HARMLESS ERROR.

The failure of the trial judge to file conclusions of law and fact as required by statute is not reversible error, where the record shows affirmatively that the failure resulted in no harm to the party complaining.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

2. APPEAL AND ERROR (§ 1071*) — TRIAL — FAILURE TO FILE CONCLUSIONS—EFFECT,

Where the evidence was conflicting on the issue raised by a plea setting up a valid defense, the failure of the trial court, rendering judgment for plaintiff, to file conclusions of fact and law, was prejudicial error, since it might have found that the evidence supported the plea, and concluded that the plea constituted no defense.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

3. BILLS AND NOTES (§ 534*)—ACTIONS—ATTORNEY'S FEES.

Where notes stipulating for attorney's fees were, after nonpayment at maturity, placed in the hands of an attorney for collection, and judgment was rendered on the notes, the amount of attorney's fees recoverable was the specified per cent. of the amount of principal and interest due at the date of the judgment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. § 534.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by J. W. Smith against W. E. Poulter and another. From a judgment for plain-

tiff, defendant named appeals. Reversed and remanded.

John L. Poulter, of Ft. Worth, for appellant. W. R. Sawyers, of Ft. Worth, for appellee.

DUNKLIN, J. J. W. Smith, plaintiff, recovered a judgment against I. S. Smith and W. E. Poulter, defendants, for the principal, interest, and attorney's fees which the court found to be due on three promissory notes made payable to plaintiff at Handley, plaintiff's residence, executed by I. S. Smith in part consideration for land sold to him by plaintiff. There was also foreclosure of the vendor's lien upon the property, and W. E. Poulter alone has appealed.

The notes were payable in one, two, and three years, respectively, with the right in the holder to declare them all due if default occurred in the payment of any one of them at maturity. The suit was instituted after the maturity of the first, and by reason of the default in the payment of that note all the notes were declared due. After I. S. Smith purchased the property from plaintiff, he sold it to Poulter, who assumed payment of the notes. Upon the trial, Poulter admitted plaintiff's right to a judgment for the principal and interest due on the notes, but resisted a judgment for the attorney's fees stipulated in the notes. The basis of this defense was an alleged agreement between all the parties to the suit entered into prior to the maturity of the first note, in effect, that plaintiff would not require payment of the notes at Handley, but upon the date of the maturity of the note first maturing would present the same, together with the other two notes maturing later, at the office of Jno. L. Poulter in Ft. Worth for payment, and that W. E. Poulter would then pay all of them. Defendants further alleged that defendant, Poulter, was ready and willing to pay all the notes and would have paid them at the date of maturity of the first, if plaintiff had presented them in accordance with the terms of this agreement, but that in violation of that agreement plaintiff failed to so present them in Ft. Worth, placed them in the hands of an attorney for collection, and thus established a predicate prima facie for the collection of the attorney's fees. The case was tried by the court without the aid of a jury.

[1] After judgment, defendant, Poulter, within due time, requested the trial judge to prepare and file his conclusions of fact and law in compliance with the requirements of article 1333, Revised Statutes. The record is before us now without such conclusions, and the failure of the judge to file the same as required is made the basis of appellant's first assignment of error. The rule seems well established by the decisions of our appellate courts that the failure of a trial judge to file conclusions as required by the statute will not be held reversible error, if the record shows affirmatively that such failure resulted in no harm to the party complaining, but that in the absence of such a showing the failure to file such conclusions will require a reversal of the judgment. Jacobs v. Nussbaum, 133 S. W. 484; M., K. & T. Ry. Co. v. Cameron, 136 S. W. 74; T. & N. O. Ry. Co. v. Highland Dairy Co., 137 S. W. 137; Sutherland v. Kirkland, 134 S. W. 851; Wandry v. Williams, 103 Tex. 91, 124 S. W. 85.

[2] The record in this case contains a statement of facts duly approved as a full statement of all the evidence introduced. From this statement it appears that the testimony of defendant I. S. Smith fully supported the defense specially pleaded, as noted above, while that testimony was flatly contradicted by the testimony of plaintiff. In the absence of written conclusions by the judge, we are unable to determine whether or not he found that the plea was sustained by the evidence. He may have found that the evidence did support the plea, and yet he may have concluded that the agreement so established constituted no defense to the demand for attorney's fees. Hence it cannot be said that the failure of the judge to file conclusions was a harmless error, and therefore appellant's first assignment must be sustained.

[3] Defendant's first special exception to plaintiff's petition on the ground that it contained no allegation of the date upon which the notes were placed in the hands of the attorney for collection was properly overruled, as plaintiff did allege that the notes were so placed after their maturity and after default in their payment, and, according to the terms of the notes, the amount of attorney's fees recoverable would be 10 per cent. of the amount of principal and interest due at the date of judgment, rather than at the date they were placed with the attorney, as appellant contends.

For the error noted, the judgment is reversed, and the cause remanded.