**GUADALUPE COUNTY v. POTH et al.**

(Court of Civil Appeals of Texas. San Antonio. Jan. 29, 1913. Rehearing Denied Feb. 26, 1913.)

1. TRIAL (§ 403*)—FILING CONCLUSIONS OF FACT AND LAW—REQUISITES.

Under Rev. Civ. St. 1911, art. 1989, requiring the trial judge at the request of either party to file conclusions of fact and law, the trial judge must file the conclusions with the clerk within 10 days after adjournment of court, and the sending of them within the statutory time to counsel for appellant, who did not receive them, was not a compliance with the statute.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 954–956; Dec. Dig. § 403.*]

2. APPEAL AND ERROR (§ 882*)—FILING CONCLUSIONS OF FACT AND LAW—WAIVER—ACTS CONSTITUTING.

Where the trial judge sent the conclusions of fact and law to counsel for appellant within the statutory time, but counsel failed to take any steps to file them in time, he was estopped to complain that they were not filed in time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

3. TRIAL (§ 427*)—FILING CONCLUSIONS OF FACT AND LAW—WAIVER—ACTS CONSTITUTING.

The failure of the trial court to file conclusions of fact and law is waived by appellant agreeing to a filing of a statement of facts.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 427.*]

4. APPEAL AND ERROR (§ 648*)—FILING CONCLUSIONS OF FACT AND LAW—AUTHORITY OF TRIAL COURT AFTER APPEAL TAKEN.

Where appellant complained of the failure of the trial judge to file within the statutory time conclusions of fact and law and based his assignment of error thereon, the filing by appellee's counsel of a statement of facts made up by the trial judge did not prevent appellant from insisting on his assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2803–2806; Dec. Dig. § 648.*]

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Action by N. Poth and another against Guadalupe County. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

H. M. Wurzbach, of Seguin, for appellant. Emil Mosheim, of Seguin, for appellees.

FLY, C. J. This is an appeal by Guadalupe county from a decree of the district court perpetuating an injunction restraining appellant from opening an alley through the property of appellees in the unincorporated town of Marion. The record contains a statement of facts, as well as the conclusions of fact and law of the district court; the latter, however, having been filed more than 10 days after the adjournment of the term of the court at which the cause was tried.

This is the only assignment of error: "The court erred in failing to file, or causing to be filed, in said cause, any of the findings or conclusions of fact and conclusions of law

thereon during the term of court at which said cause was tried, or within 10 days after the adjournment of said term of court, and in refusing defendant's request in that respect, as is shown by defendant's bill of exception No. 1."

The court approved the bill of exceptions referred to, with the statement that he sent the findings of fact and conclusions of law to counsel for appellant on May 8th, which was six days after the court adjourned, instead of sending it to the clerk, and, counsel being absent, the paper was not filed until after the 10 days had expired.

[1, 2] It is provided in article 1989, Rev. Stats. 1911, that a trial judge at the request of either party to the suit shall "state in writing the conclusion of fact found by him, separately from the conclusions of law; which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record." Under that law it was clearly the duty of the trial judge to file the conclusions with the clerk of the district court, and sending them to the counsel for appellant was not a compliance with the law. If counsel had received the conclusions within the statutory time and had failed or refused to take any step to have them filed, he doubtless would be estopped to complain that they were not filed in time; but he did not receive them and was not in any manner responsible for the failure to file them within the statutory 10 days. After the conclusions were written, appellant had no power or authority to object to them, and there was no reason for attempting to place them in its possession, but they should have been sent directly to the clerk with an order to file them. The bill of exception to the action of the court in failing to file the conclusions within the proper time was duly taken and reserved, and forms a sure foundation and basis for the assignment of error, unless matters occurring long afterward, over which appellant had no control, rendered the same of no force or effect, for in the case of Wandry v. Williams, 103 Tex. 91, 124 S. W. 85, in answer to a question certified by the Court of Civil Appeals of the Sixth District, the Supreme Court stated: "We conclude that the action of the trial judge in failing and refusing to file his conclusions of fact and law is subject to review by the Court of Civil Appeals, and, where it has been found that he has not done so, the judgment ought to be reversed. * * * After 10 days have elapsed from the adjournment of the court, the power of the trial judge to file conclusions of fact and law ceases." Several of the Courts of Civil Appeals have held to the same effect. Jacobs v. Nussbaum, 133 S. W. 484; Sutherland v. Kirkland, 134 S. W. 851; Railway v. Cameron, 136 S. W. 74; Railway v. Dairy Co., 137 S. W. 137; Scroggins v. Lumber Co., 138 S. W. 789; Wood v. Smith, 141 S. W. 795; Eaton v. Klein, 141 S. W. 828; Poulter v. Smith, 149 S. W. 279.

[3] In some of the cases cited it was held that the error in the failure to file the conclusions of fact and law would be waived by the appellant agreeing to and filing a statement of facts, and we doubt not but that the ruling is correct. However, in the cited case of Wood v. Smith, where the trial judge, although duly requested, refused to file his conclusions of fact and law, and afterwards prepared and filed a statement of facts, it was held that the cause should be reversed. The ruling is absolutely correct, for to hold that a party could be deprived of his statutory right to have conclusions of fact and law destroyed by the preparation and filing of a statement of facts by the trial judge would place it in the power of the latter to always deprive an appellant of conclusions of fact and law.

[4] Take the facts revealed by the record in this case, and they call loudly for the enforcement of the rule enunciated in the case last cited. Appellant made a request in writing to the trial judge for his conclusions of fact and law. It did not obtain them and reserved a bill of exceptions to the action of the court in failing to grant its request. The court adjourned on May 2, 1912, and on July 5, 1912, the transcript was filed in this court by appellant. Up to that time appellant had an absolute certainty of a reversal of the judgment of the court under all the authorities in this state, but on July 30th a purported statement of facts prepared by the trial judge, because, as certified, of a disagreement between the parties, was filed in the district court, and on August 10, 1912, it was filed in this court. On the day after the transcript had been filed in this court, more than 60 days after the district court had adjourned, the district judge granted an extension of 30 days in which to file a statement of facts, and that was done in response to a request of appellees which with remarkable naïveté and candor stated that appellant had not endeavored to obtain a statement of facts, "but that defendant's counsel relying upon the failure to file the findings of facts and conclusions of law by the court, for a reversal of the case, does not desire the statement of facts." It would not be remarkable that appellant should not desire a statement of facts when he had staked his appeal on the error of the court in refusing him conclusions of fact and law, and which error might be waived and set aside by an agreed statement of facts. Because appellant would not deliberately waive his rights, appellees set to work to destroy the cause filed in this court by having a statement of facts made up by the trial judge and filed in this court. That such was the object of appellees is borne out by the fact that they are here now by their brief contending that appellant has not been injured

by the error in the failure to file the conclusions of fact and law, because there is a statement of facts which can be considered. We cannot agree that an appellant in this court can be deprived of its rights by any such proceeding. It based its right of appeal òn one assignment and had the right to believe that it would be tried on ·the record as it existed when it filed it in this· court, and it cannot be deprived of the full force of the appeal by the acts of appellees after such filing. To uphold the contentions of appellees would amount to a practical repeal of the statute which commands the trial judges to comply with requests to, file conclusions of fact and law during the term or within 10 days from adjournment.

The judgment is réversed, and the cause remanded.