## GALVESTON, H. & S. A. RY. CO. v. STEWART & THREADGILL.
### (No. 419-3268.)

(Commission of Appeals of Texas, Section B. Jan. 16, 1924.)

**1. Appeal and error ⊛⇒1071(1)—Trial court's failure to file findings and conclusions held reversible error.**

The failure of trial court, on request, to file written findings of fact and conclusions of law, requires reversal under Rev. St. arts. 1989, 2075, unless the statement of facts or some other part of the record shows that no injury could have been sustained, which was not the case where the evidence was conflicting.

**2. Appeal and error ⊛⇒1031(1)—Presumed that court's failure to file findings and conclusions injurious to litigant.**

To deprive a litigant of the right to have findings of fact and conclusions of law filed by the court on proper request as required by Rev. St. arts. 1989, 2075, is presumed injurious unless shown to be harmless.

**3. Courts ⊛⇒78—Court rule depriving litigant of statutory right unconstitutional.**

A court rule depriving a litigant of the right to have the trial court file his findings of fact and conclusions of law given by Rev. St. arts. 1989, 2075, is unconstitutional.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Stewart & Threadgill against the El Paso & Southwestern Company and the Galveston, Harrisburg & San Antonio Railway Company. Judgment by the court sitting without a jury, dismissing defendant first named from suit, and in favor of defendant last named, was reversed and remanded by the Court of Civil Appeals (207 S. W. 594), and defendant last named brings error. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Beall, Kemp & Nagle, of El Paso, for plaintiff in error.

Jackson & Isaacks and W. M. Peticolas, all of El Paso, for defendants in error.

HAMILTON, J. Suit was brought by Stewart & Threadgill against the El Paso & Southwestern Company and the Galveston, Harrisburg & San Antonio Railway Company for alleged damages to a shipment of goats transported over the two railroads from Torquoise, N. M., to Del Rio, Tex. The El Paso & Southwestern Company was dismissed, and, there being no jury, judgment was rendered by the court against plaintiffs as to

the Galveston, Harrisburg & San Antonio Railway Company. Plaintiffs seasonably requested the trial judge to file his findings of fact and conclusions of law as provided in Revised Statutes, arts. 1989 and 2075. This the court failed to do. The court adjourned January 5, 1918. On March 18, 1918, plaintiffs' bill excepting to the failure of the trial judge to file his findings of fact and conclusions of law was approved by the court and filed. This is the only bill of exception in the record. · The transcript was filed by Stewart & Threadgill in the Court of Civil Appeals on March 25, 1918. No statement of facts accompanied it. The railway company presented a statement of facts to Stewart & Threadgill's attorneys. Those attorneys refused to agree to the statement of facts and wrote at the end of it:

"In view of the fact that the transcript in the cause has been filed and that the trial court has failed to file its conclusions of law and findings of fact and some errors in the same, we decline to agree with this statement of facts and the filing thereof."

The court thereafter on March 30, 1918, approved and filed with the clerk, "as a true statement of facts proved on the trial of said cause," the same statement of facts to which the above-quoted objection was made by plaintiffs' attorneys. This statement of facts was filed by the railway company in the Court of Civil Appeals on April 11, 1918. The Court of Civil Appeals affirmed the judgment of the trial court; but, on consideration of the motion for rehearing, that judgment was reversed and the cause remanded. 207 S. W. 594.

The railway company's application for writ of error was "granted because of possible conflicts in the decisions." Plaintiff in error's application alleges that the decision of the Court of Civil Appeals in this case is in conflict with the holdings of our Supreme Court in Barfield v. Emery et al., 107 Tex. 306, 177 S. W. 952; and with the holdings of the Courts of Civil Appeals in Farmers' State Bank v. Farmer, 157 S. W. 285, Haywood v. Scarborough, 102 S. W. 469, and Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 521.

[1] In the case of Farmers' State Bank, supra, the record "fails to show by bill of exceptions or otherwise that appellant's motion was ever called to the attention of the trial judge or that he ever knew such a motion or request had been filed with the clerk. The record does not disclose the fact if appellant ever reserved any bill of exception to the failure of the judge to file his findings and conclusions." The court held that "this must be considered as a waiver of the motion and of any error resulting therefrom." The opinion contains the additional statement:

"It also appears that a full statement of facts has been filed, and in the absence of an affirma-

tive showing on the part of appellant that it has been prejudiced by such failure, the error complained of must be disregarded."

The latter statement is purely obiter dictum. The question was not in the case because it was not raised by bill of exceptions. The court so held before making the obiter statement.

In the Haywood Case, supra:

"No exception was taken in the court below to the failure of the court to file conclusions of law and fact."

The Court of Civil Appeals held that no complaint of such failure could be heard there for that reason. The court said also:

"Besides, as the statement of the facts, embodied in the stenographer's report of the evidence, was sent up with the record, the failure of the trial judge to file such conclusions affords no ground for a reversal of the judgment."

This was obiter dictum purely. The question was not in the case because it was not put into it by a bill of exceptions—the only manner in which the question could have been raised—and the court so held.

In Sullivan v. Fant, supra, all that was said about the question was as follows:

"The fifty-fifth (assignment) is not briefed in respect to a statement required by the rules. However, it is predicated upon the assumption that defendants moved the court to file conclusions of law and fact. The assignment refers to bill of exceptions No. 2, as evidencing that such a motion was made. The bill is found in the record, but it is not signed by the judge."

On motion for rehearing the court said:

"We find we were in error, in reference to the fifty-fifth assignment of error, in stating that the bill of exceptions was not signed by the judge. The assignment was, however, properly overruled, for the reason that the failure of the judge to file his conclusions of fact is not ground for reversal where there is a statement of facts."

The opinion cites in support of the holding Bank v. Stout, 61 Tex. 567, and Haywood v. Scarborough, supra. From what we have said of the Haywood Case, supra, it is apparent that it fails entirely to support the above holding in the Sullivan Case. The case of Bank v. Stout, supra, was decided before our present statute was passed, but it in no wise supports the holding in the Sullivan Case. All that is said about the question in the Stout Case follows:

"It is not to be presumed that a judge who tries a cause will refuse to give a statement of his conclusions of fact and law when requested to do so, and that a judge has so refused must be made to appear in some way before the matter could be revised.

"In this case it appears that a motion was filed and entered on the motion docket requesting such a statement, but it does not appear that this was ever called to the attention of the court; in fact, the motion seems to have been filed nearly a month after the trial of the cause.

"Such application should be made promptly, while the matter is fresh in the mind of the court, and, if made after an unreasonable delay, even a refusal to make the statement ought not to be revised.

"As presented, this question cannot be revised; but we cannot see that the appellant has in any way prejudiced by the want of such statement. There is a full statement of facts, and *the case is not such a one as required such a statement for the proper presentation or understanding of it in this court.*" (Italics ours.)

In the case of Barfield v. Emery et al., supra, our Supreme Court merely said:

"Although the conclusions of the trial judge were not duly filed, it appears that statement of facts was duly prepared and filed and accompanied the record on the appeal.

"We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or *that it could have operated to the prejudice of the appellants in that court.* We are of opinion therefore that it did not in itself warrant a reversal of the judgment." (Italics ours.)

Chief Justice Phillips said in the opinion in that case, "A more extended opinion will be later filed," but that seems not to have been done. Chief Justice Conner in that case, in the Court of Civil Appeals had said:

"It seems perfectly clear to the mind of the writer that the trend of all of these decisions and provisions, as well as of modern thought, is undoubtedly against reversals where it is plainly apparent that the error complained of could have been of no material injury to the complaining party. The writer has been unable to see, after most careful consideration, in what respects the failure of the trial judge now complained of has in any way prevented appellants from a proper presentation of their case here or *in any other way operated to their prejudice.*" Emery v. Barfield, 156 S. W. 311. (Italics ours.)

The holding of the Supreme Court in the Barfield Case was approved by the Supreme Court in an opinion by Judge Randolph of the Commission of Appeals, Section A, in the case of Riley v. Austin, 112 Tex. 216, 245 S. W. 907. But in that case it appears that the trial court incorporated in its original judgment its findings of facts upon the only issue raised by the pleadings and predicated thereon the only conclusion of law embraced in the judgment. Thus, there was a finding of facts and conclusions of law in the judgment itself. No purpose could have been served in finding the same facts and making the same conclusion of law in a separate paper. The judgment, prefaced by the findings of fact, met every requirement and preserved every right the appellee would have

had if the court had filed separate findings and conclusions. The certificate in that case states that—

"* * * Before the judge without the intervention of a jury, judgment was rendered for contestants, appellees, as set out in the judgment, on the grounds that the instrument tendered as the will of the alleged testator, was not in his handwriting, was not signed by him, and was a forgery. Appellant, in his amended motion for new trial, attacked the judgment thus rendered upon the very grounds set out therein by the court as his reasons for rendering same, and alleged in said motion that the trial court erred in so holding."

The opinion says:

"We think that where it appears from the record that a party has not been injured by such failure to act on the part of the trial judge within the time prescribed, and where every contention made by such party has been preserved in the record, he is not entitled to have the case reversed on the bare error assigned.

"The appellant's motion for new trial presented as error the very grounds set out in the judgment as the basis for that judgment and a statement of facts preserved the evidence so that, upon appropriate assignments, the alleged errors could have been reviewed by the Court of Civil Appeals."

In the case of Wandry v. Williams, 103 Tex. 93, 124 S. W. 85, the trial judge failed, after proper request, to file findings of fact and conclusions of law. No statement of facts was presented to the Court of Civil Appeals. The certificate says not a word about the issues formed by the pleadings nor about the necessity of a finding of facts and conclusions of law or a statement of facts as an aid in the solution of any issue. It consists of the bare question of whether or not the failure of the judge, before whom the case was tried, to file findings of fact and conclusions of law in a case where no statement of fact is filed, constitutes reversible error. In the court's opinion nothing is said of the issues formed by the pleadings, nor is anything said about the necessity of findings of fact and conclusions of law or a statement of facts as an aid to the court in the solution of issues presented by the pleadings. The opinion is a clear-cut holding that where it is found that the trial judge, after proper and seasonable request, fails and refuses to file findings of fact and conclusions of law, and where no statement of facts is filed, the judgment ought, on proper exception to and assignment of such action, to be reversed. In fact, the court does not predicate its holding upon the fact that no statement of facts appears in the record, but puts the decision solely upon the failure of the judge to file his findings and conclusions. The language of Chief Justice Gaines, who delivered the opinion, follows:

"We conclude that the action of the trial judge in failing and refusing to file his conclusions of fact and law is subject to review by the Court of Civil Appeals and where it is found that he has not done so, the judgment ought to be reversed."

But, since the certificate says no statement of facts was in the record and merely asks, "Is there reversible error?" we are justified in interpreting the holding as going no further than to such cases as those in which no statement of facts appear.

The Courts of Civil Appeals have uniformly interpreted the holding in the Wandry Case, supra, as requiring a reversal of the case where no statement of facts appears in the record and have followed this construction of the holdings in that case in their opinions with singular unanimity. Buckner v. Davis, 61 Tex. Civ. App. 493, 129 S. W. 639; Sutherland v. Kirkland, 134 S. W. 851; Texas & N. O. Ry. Co. v. Highland Dairy Co., 137 S. W. 137; Wood v. Smith, 141 S. W. 795, reviewing cases to that date; Broderick & Bascom Rope Co. v. Waco Brick Co., 150 S. W. 600; Guadalupe County v. Poth, 153 S. W. 919; Kyle v. Blanchette, 158 S. W. 796; Dennis v. Kendrick, 163 S. W. 693; Sewall v. Colby, 163 S. W. 695; Texas & N. O. Ry. Co. v. Turner, 193 S. W. 1089; Beavers v. Supreme Home of Ancient Order of Pilgrims, 204 S. W. 718; Griner v. Trevino, 207 S. W. 947; Irwin v. State National Bank of Fort Worth, 224 S. W. 246.

We have found no case holding otherwise or containing dicta to the contrary, except those cited in the application and referred to and discussed supra. The decisions of our Supreme Court prior to the Wandry Case, supra, justify and form the foundation for that decision. In Callaghan v. Grenet, 66 Tex. 236, 18 S. W. 507, Chief Justice Willie said:

"The reasons given by the court for the judgment rendered were placed in writing by the judge, upon application of appellant's counsel. They were not only insufficient, but they were not a proper separation of the findings of fact from the findings of law, no findings of fact having been reduced to writing. The right to have these matters separately and distinctly stated is statutory. It is not complied with when the findings of law alone are placed upon the record. What the statute requires is a succinct and clear statement of what the judge thinks is the true result of the evidence—what it proves pertinent to the issue between the parties. Then, upon this result, what is his opinion as to the law which determines the rights of the parties. The appellant has properly reserved a bill of exceptions, so as to bring before this court the error of the court in not complying with his demand.

"For this error, and those previously noticed, the judgment will be reversed. * * *"

In Edwards v. Chisholm, 6 S. W. 558, our Supreme Court, through Judge Gaines, said:

"There was a question of fact in the case to be settled, which has not been determined. That question is, did the defendants, in their efforts to have the fire extinguished, and in seeing to its extinguishment, exercise that degree of care which a man of ordinary prudence would have exercised, considering all the circumstances? This is a question of fact, and upon its determination depended the proper decision. of the case. It may be that the court determined this in the negative, in holding that there was negligence as a matter of law. If it had appeared from the conclusions of law that this was the case, it would have been sufficient. Though irregular, it would not have been a ground for the reversal of the judgment. Heirs of Ryon v. Rust, 65 Tex. 429. How the learned judge arrived at the conclusion that the facts showed negligence in law, we do not know. It is probable that he correctly determined these questions in deciding the case, and that the failure of his findings of fact to show a determination of the question of negligence was an inadvertent omission. But we are not at liberty to resort to conjecture, but must take the record as we find it. This does not disclose a determination of this most important issue, and the judgment cannot be affirmed without depriving the appellant of the benefit of the statute which requires the judge to file separate findings of his conclusions of fact and of law."

In Cason v. Connor, 83 Tex. 26, 18 S. W. 668, there was a statement of facts and also findings of fact. But the court held that the refusal of the trial court to amplify its findings on request was error.

The holding that the failure of the judge to file findings of fact and conclusions of law, where no statement of facts has been filed in the Court of Civil Appeals is reversible error, has been qualified to the extent that, if it otherwise appears from the record that the appellant could have suffered no injury, such failure will not cause a reversal. For example, if defendant's pleadings were such that no proof entitling him to judgment could have legally been made, he would not be entitled to a reversal upon failure of the trial court to file findings and conclusions. City National Bank of Fort Worth v. Stout, supra; Jacobs v. Nussbaum, 63 Tex. Civ. App. 520, 133 S. W. 484; M., K. & T. Ry. Co. v. Cameron (Tex. Civ. App.) 136 S. W. 74; T. & N. O. Ry. Co. v. Highland Dairy Co., supra; Sutherland v. Kirkland, supra; Paulter v. Smith (Tex. Civ. App.) 149 S. W. 279. Then, since the failure of the trial judge to file findings of fact and conclusions of law where no statement of facts is filed always constitutes reversible error unless from the record it affirmatively appears that the failure did not injure appellee, the only beneficial effect coming to appellee by the filing of a statement of facts flows from a showing made thereby that appellant was not injured by such failure. Unless the statement of facts or some other part of the record shows that no injury was done appellant by the failure to file findings and conclusions. the cause will be reversed because of such error. If it appears from the record and the statement of facts, where one is filed, that no harm resulted to appellee from the trial judge's failure to file his findings and conclusions, such failure will not be cause for reversal. In such instance to reverse the case would be to do a vain thing. This the courts will not do.

[2] The right of appellant to the trial judge's findings of fact and conclusions of law is a positive and clear statutory right. Article 1989, R. C. S., reads:

"Upon a trial by the court, the judge shall, at the request of either of the parties, state in writing the conclusion of fact found by him, separately from the conclusions of law; which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record."

We think it was designed to substitute the judge's findings in cases tried without a jury for the jury's findings. The jury and the trial judge are the only portions of our judicial machinery having original authority to pass on facts. To deprive a litigant of such a right is presumed, in every instance, to be injurious unless it is shown to be harmless. Courts of Civil Appeals are authorized only to review the findings of the lower court to determine whether there is evidence to support the verdict and judgment and to pass upon the preponderance of the evidence where, in its opinion, the judgment is against such preponderance as to require a reversal. Where the trial judge has filed no findings of fact and conclusions of law, the Court of Civil Appeals, if the case is not reversed, must presume, in the absence of a statement of facts, that the findings of fact support the judgment. This is reversing the sequence of facts and judgment. The judgment follows from the facts. To reverse the order is to make the facts follow the judgment. It is possible for the trial judge to draw an incorrect conclusion of law from a finding of fact. Where there is no record of his finding of fact, the presumption of fact in support of the judgment might be exactly opposite from the real finding. Therefore, as we view it, in no case where the trial judge has failed upon request to file his findings of fact and conclusions of law, and where no statement of facts is filed, can the cause be properly disposed of otherwise than by reversal unless some other part of the record shows that no injury could have been sustained by the appellee by such failure. The only function of a statement of facts, where the trial judge has failed upon proper request to file his findings of fact and conclusions of law, is to show that no injury was done appellee by such failure, and unless it or some other part of the record shows that appellee suffered no injury

257 S.W.—34

by the judge's failure, the case will in every such instance be reversed. Such is the holdings of courts of various states. 30 Cyc. pp. 1962, 1963, and authorities there cited.

Some of the Courts of Civil Appeals have based their decision upon rule 62a, which is as follows:

"No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error. Provided, if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred."

In every case where there is any conflict in the evidence on an issue material to the decision of the case, the failure of the trial judge to file his findings of fact and conclusions of law is "such a denial of the rights of the appellant * * * as probably prevented the appellant from making a proper presentation of the case to the appellate court." The trial judge hears and sees the witnesses. He is the judge of their credibility and of the weight to be given their testimony. The duty devolves upon him to select from contradictory evidence that which he credits and from such selection to make his findings of fact. The appellate courts have no such authority. If there is no contradictory evidence, the filing of a statement of facts imposes upon the Court of Civil Appeals the burden of reading the whole statement of facts to ascertain that there is no conflict. A finding that there was no contrary evidence would impose upon appellant the duty of pointing out contradictory evidence. It has been held by our Supreme Court that an assignment of error that the verdict and judgment is contrary to and not supported by the evidence is too general to be considered and will not be considered for the reason that it imposes upon the ap-

pellate courts the burden of searching the whole record of facts to determine the question. Yoe v. Montgomery, 68 Tex. 338, 4 S. W. 622; Randall v. Carlisle, 59 Tex. 69, 70; Houston & T. C. Ry. Co. v. Shafer, 54 Tex. 641; Houston & T. C. Ry. Co. v. McNamara, 59 Tex. 255; Galveston v. Devlin, 84 Tex. 319, 19 S. W. 395.

Besides, if there is no contradictory evidence it affirmatively appears that no injury was done appellant by such refusal provided the trial court did not err in his conclusions of law drawn from the facts.

[3] The statute gives the appellant the right to have the trial judge file his findings of fact and conclusions of law, and a court rule depriving him of that right is contrary to the Constitution of our state. Greer, Mills & Co. v. Featherston, 95 Tex. 654, 69 S. W. 69; Craver v. Greer, 107 Tex. 356, 179 S. W. 862. In Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822, it is said concerning rule 62a:

"We find nothing in the language of the rule which even intimates that the statutes governing practice and procedure were intended to any degree to be abrogated."

In the instant case, the Court of Civil Appeals states in its opinion that there were three issues of fact presented, namely:

"Was the railroad company negligent in handling the animals? Were they damaged by reason of any such negligence? And, if so, the amount of such damage. Upon each of these issues, the evidence was conflicting."

We have carefully read all the pleadings and all the statement of facts. The three issues were clearly presented by the pleadings. Without cumbering the record by setting out the conflicting testimony, we simply state that there was evidence clearly conflicting on each of those issues. A judgment for plaintiffs could not have been reversed on the ground that there was no evidence to support it. Therefore, it not only does not appear that appellants could not have been injured by the failure of the trial court to file his findings of fact and conclusions of law, but it positively appears that they were injured thereby in making a fair presentation of their appeal.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.