## BIDA v. KING et al.
### No. 1044.

Court of Civil Appeals of Texas.  Waco.
April 9, 1931.

Rehearing Denied May 7, 1931.

M. McCullough, of Eastland, for appellant.
L. H. Flewellen, of Ranger, for appellees.

BARCUS, J.

Appellant filed this suit on a note executed by F. N. King, payable to Adams & Co., a partnership, composed of H. G. Adams and T. O. Bray.  Appellant sought judgment against appellees Adams & Co. as indorsers on said note.  Adams & Co. sold the note to E. L. Ford, and their name is signed on the reverse side as indorsers.  At the time they indorsed and sold the note to E. L. Ford, they and Ford, in connection therewith and as a part thereof, signed a written agreement to the effect that Adams & Co. were not to be in anyway liable for the payment of said note either as indorsers or otherwise.  Appellees Adams & Co., alleged that appellant at the time he purchased the note from E. L. Ford had actual knowledge of the written agreement between them and Ford, and that appellant was not, therefore, as against them, a holder of said note in due course for value.

The cause was tried to the court and resulted in judgment being entered denying appellant any recovery against Adams & Co., and it is from this portion of the judgment the appeal is perfected.  Appellant seasonably requested the trial court to file its findings of fact and conclusions of law, which said court failed to do, and appellant excepted and assigns error to the action of the trial court in failing to file same.

The issue as to whether appellant at the time he purchased the note knew of the written agreement made between appellees Adams & Co. and Ford, and whether appellant had actual knowledge that appellees' indorsement upon said note was a limited one, were sharply contested issues of fact; the testimony relative thereto being irreconcilable.  It seems now to be the well-settled law that, where a cause is tried to the court and the evidence is conflicting on any material issue, it is reversible error for the trial court, when timely requested, to fail to file its findings of fact and conclusions of law.  G., H. & S. A. R. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526.  In the cited case, many authorities were collated and this question definitely determined.  Said case has since said time been numerously cited with approval.

Because of the action of the trial court in refusing to file its findings of fact and conclusions of law, the judgment of the trial court is reversed, and the cause remanded.