### WISEMAN v. STATE BANK OF LA-VERNIA.

### No. 9445.

Court of Civil Appeals of Texas. San Antonio.

Nov. 14, 1934.

Wiseman & Murray, of Floresville, for appellant.

J. O. Wiseman, of Lavernia, and Hull & Oliver, of San Antonio, for appellee.

SMITH, Justice.

W. R. Wiseman executed and delivered his promissory note to the Lavernia State Bank. Subsequently that bank failed and its affairs were taken over and administered by the State Banking Commissioner, as provided in familiar statutes. The bank was reorganized and took the name of the State Bank of Lavernia. By that process, administered by the Banking Commissioner under the orders and judgments of the district court in an action for that purpose, the note in question was sold and transferred to the reorganized bank, appellee herein, which brought this action against Wiseman upon the note, and recovered thereon. Wiseman has appealed, upon the sole proposition that the judgment should be reversed because of the failure of the trial judge, upon proper request, to file additional findings of fact within the time prescribed in article 2247, R. S. 1925, as amended by Acts 1931, c. 76, § 1 (Vernon's Ann. Civ. St. art. 2247), and article 2247a, as enacted by the Act of 1931, 42d Leg. p. 118, c. 76, § 2 (Vernon's Ann. Civ. St. art. 2247a). There is no statement of facts with the record.

The trial court found all the facts essential to support the judgment appealed from, including the finding that "by proper transfer and assignment of said note for value, the plaintiff, State Bank of Lavernia, purchased the same and was at the time of the institution of this suit and at all times since, the owner of said note." This finding nor any of those remaining were questioned by appellant in the trial court, nor is error assigned thereon in this court; they all stand unchallenged here.

In due course, after the trial judge filed his original findings below, appellant seasonably filed a request for additional findings, designed to elicit the fact and regularity of the proceedings of the district court in the former action through which the Banking Commissioner administered the affairs of the defunct bank and ordered and approved the sale and transfer of the note to appellee. It is appropriate to add that the trial judge did, as a matter of fact, prepare and file additional findings in response to appellant's request, but such filing was not within the time prescribed in article 2247a, and was therefore futile.

We have concluded that the appeal does not present reversible error.

The unchallenged finding of the trial judge, that the note was properly transferred and assigned to appellee, and that the latter

thereupon became, and still is, the owner of the note, was a sufficient adjudication of the matters of fact sought to be elicited in the requested additional findings and, in the absence of objection from appellant in the trial court and in this court, renders it conclusive upon the ultimate issue covered by it. The result is that the court found upon the ultimate issue raised by the additional findings proposed in appellant's requests and therefore no injury accrued to appellant by reason of the court's failure to make the additional findings. Galveston, H. & S. A. R. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526.

Moreover, the requested findings were designed to question the regularity and validity of a prior judgment rendered by a court of obviously competent jurisdiction, which cannot be assailed in a collateral proceeding, such as this; wherefore, the failure of the trial judge to seasonably file the requested findings could not injure appellant. Galveston, H. & S. A. R. Co. v. Stewart & Threadgill, supra.

The judgment is affirmed.

BICKETT, C. J., did not participate in the decision of this case.