HOUSTON OIL CO. OF TEXAS v. RAGLEY–McWILLIAMS LUMBER CO. et al.

(Court of Civil Appeals of Texas. Texarkana. Dec. 18, 1913. Rehearing Denied Jan. 22, 1914.)

1. APPEAL AND ERROR (§ 527*) — RECORD — FINDINGS OF FACT—TIME OF FILING.

Where findings of fact were not filed within 10 days after the adjournment of the trial term, as required by Rev. Civ. St. 1911, art. 2075, the trial court has no power to thereafter make such findings, and findings made thereafter are not a part of the appellate record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2381–2383; Dec. Dig. § 527.*]

2. APPEAL AND ERROR (§ 527*) — RECORD — FINDINGS OF FACT — TIME OF FILING — WAIVER.

If appellant, after requesting the court to make written findings of fact, agreed that they need not be filed within the statutory period, he thereby waived his right to have such findings made a part of the record, being charged with knowledge that they could not become a part of the record unless filed in time, but the burden is on appellees to show such agreement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2381–2383; Dec. Dig. § 527.*]

3. APPEAL AND ERROR (§ 715*) — RECORD — FINDINGS—WAIVER—EVIDENCE.

Evidence held not to show that appellant agreed that the findings of fact requested need not be made within the time required by statute so as to waive his right to have them made and filed within that time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2964, 2965, 3273; Dec. Dig. § 715.*]

4. APPEAL AND ERROR (§ 1071*)—HARMLESS ERROR—FILING OF FINDINGS.

Where, in trespass to try title, the rights of the parties may have depended on whether a deed by an administrator passed title to the grantee, and if so, whether defendants were innocent purchasers for value without notice of such conveyance, the trial court's failure to make findings of fact within the statutory term so as to make them a part of the appellate record was prejudicial error, since, in the absence of such findings, the material questions arising could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

Appeal from District Court, Sabine County; W. B. Powell, Judge.

Action by the Houston Oil Company of Texas against the Ragley-McWilliams Lumber Company and others. From a judgment for part of the defendants, plaintiff appeals. Affirmed as to four defendants, and reversed as to the others.

Hightower, Orgain & Butler and W. H. Davidson, all of Beaumont, and H. O. Head, of Sherman, for appellant. W. D. Gordon, of Beaumont, S. W. Blount, of Nacogdoches, and Goodrich & Lewis, of Hemphill, for appellees.

WILLSON, C. J. The suit was to try the title to the northwest quarter of a league of land in Sabine county granted to A. E. C. Johnson and by him conveyed to A. A. Lewis. Appellant, plaintiff below, claimed, through mesne conveyances, under a deed dated March 7, 1843, from John Boyd, as administrator of said Lewis' estate, to Wm. Clark, Jr. Appellees, defendants below, claimed under deeds made by heirs of said Lewis. The trial was before the court without a jury, and judgment was rendered in favor of appellees.

[1, 2] Appellant requested the court to state in writing and file with the clerk the conclusions of fact found by him separately from the conclusions of law. The court did so, but instead of filing same with the clerk within 10 days after the adjournment of the term at which the cause was tried, as required by law (article 2075, R. S. 1911), filed them after the expiration of said 10 days. Appellant insists the court was without power then to file the conclusions; that for that reason they cannot be treated as a part of the record on this appeal; that, because they cannot, it has been deprived of a right conferred upon it by law (article 1989, R. S. 1911), and therefore that the judgment should be reversed. It is settled, in accordance with appellant's contention, that "after 10 days have elapsed from the adjournment of the court, the power of the trial judge to file conclusions of fact and law ceases." Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Emery v. Barfield, 156 S. W. 311; Guadalupe County v. Poth, 153 S. W. 919; Scroggins v. Lumber Co., 138 S. W. 789; Ry. Co. v. Cameron & Co., 136 S. W. 74; Poulter v. Smith, 149 S. W. 279. It follows, in accordance with appellant's further contention, that the conclusions in question are not entitled to a place in the record on this appeal, and hence cannot be considered by us for any purpose. Does it also follow that appellant therefore is entitled to a reversal of the judgment? Appellees insist it does not, because, as they contend is true, appellant's counsel "agreed in open court to relieve the judge of the necessity of preparing and filing his conclusions of law and fact, and assumed to furnish him with tentative findings, and failed to do so," and because, as they further insist is true, said counsel, after so waiving

appellant's right to have the judge prepare his findings, agreed that counsel for appellees might prepare same at his convenience, whereby he was led to believe that appellant had agreed to "waive the time of filing of the findings of fact and conclusions of law, and that same might be filed back." If appellant, after requesting the court to state his conclusions in writing, agreed same need not be filed within the time specified in the statute, we think it should be held to have waived its right to have the conclusions made a part of the record; for it was bound to know they could not be treated as part thereof if so filed.

[3, 4] But the burden was on appellees to show appellant so agreed, and we cannot say they have discharged the burden. If we look to the affidavits in the record, we find that appellant's counsel deny having made such an agreement. The statement of the trial judge qualifying the bill of exceptions presenting the matter, as to what occurred in open court, is as follows: "When the case was tried at Hemphill and the conclusions of law and fact were asked for by plaintiff, the court asked the counsel on each side to prepare tentative findings along the line it had indicated from the bench, and forward to him, and from them the court would make its findings. It was understood by the court that counsel for plaintiff and W. D. Gordon (counsel for appellees) would do this when they returned to Beaumont." In his said statement said judge further says: "That after 10 days had expired in which to file the findings of law and fact as required by law, Mr. Gordon sent what he thought was the proper findings in the case to the court at Jasper, which the court adopted after adding some thereto. With the findings so sent by Mr. Gordon was a letter saying it was agreed to let them be filed back within the 10 days from adjournment, and for me to instruct the clerk, and, acting on that advice, I had the clerk to file the findings as of April the 6th instead of the day on which he received them, which was more than 10 days after the adjournment of the court." And further says: "That W. D. Gordon was inadvertently led to believe, and did believe, that plaintiff had agreed to waive the time of filing of the findings of fact and conclusions of law, and that the same might be filed back." In this attitude of the record it is obvious we cannot say appellant waived its right to have the court prepare and file his conclusions within the time required by law. It follows the judgment should be reversed, because of the failure of the trial judge to discharge the duty the law devolved on him, unless it should be said that appellant was not thereby "probably prevented from making a proper presentation of the case to the appellate court." Rule 62a for the government of Courts of Civil Appeals (149 S. W. x). In the record is a statement of facts, prepared by the judge after the parties had failed to agree on one, from which it appears a determination of the controversy between the parties may have depended on the answers made to two questions: Did the deed from John Boyd as administrator pass to Wm. Clark, Jr., the title in the estate of A. A. Lewis? If this question should have been answered in the negative, then the judgment rendered is right. If it should have been answered in the affirmative, it may be right or not, according to the answer which should have been made to this question: Did appellees occupy the position of innocent purchasers for value, without notice of the conveyance to Clark? If they did, then the judgment is right; otherwise it is wrong. Most of the assignments in appellant's brief attack as erroneous the findings of fact and conclusions of law filed by the trial judge, which we have just determined we cannot treat as a part of the record. In other assignments appellant's complaint is that the court erred in holding that the deed from Boyd as administrator to Clark "passed no title out of the Lewis estate." In the absence of findings by the court, we cannot say he so held, for he may have held to the contrary and based his judgment on a finding that appellees were innocent purchasers. For that reason, if we felt called upon to pass on them, we would overrule these assignments. In the assignments remaining appellant complains that the court erred in holding appellees to have been innocent purchasers. For a similar reason, if we considered these assignments, we would overrule them. The result of this course, if pursued, would be an affirmance of the judgment without a consideration by this court of the questions on which its validity depends. To avoid this, we think we should hold that the manner in which the appeal is presented probably is due, primarily, to the failure of the trial court to discharge the duty imposed on him by the statute, and for that reason reverse the judgment. This, accordingly, will be done, and the cause will be remanded for a new trial.

In the court below appellant dismissed its suit as to appellee J. H. Bell and took judgment by default against appellees W. C. Arnold, G. W. Nerron, and Price McElroy. The judgment appealed from, in so far as it disposed of the controversy between appellant and said appellees, is not complained of here, and it was not the intention of this court to disturb it in that respect. Therefore the judgment rendered here will affirm the judgment of the court below in so far as it is in appellant's favor against said appellees W. C. Arnold, G. W. Nerron, and Price McElroy, and in so far as it is in favor of appellee J. H. Bell against appellant, and reverse it as to the controversy between appellant and the other appellees, and as to the controversy between certain of the appellees.