GARROW, MacCLAIN & GARROW, Inc., v. TEXAS & N. O. R. CO. et al.   (No. 1234.)

(Court of Civil Appeals of Texas. Beaumont. May 7, 1925. Rehearing Denied May 20, 1925.)

1. **Trial** ⬅➡403—**Court cannot render findings of fact and law after expiration of statutory period.**

Trial court has no power to file conclusions of fact and law after expiration of statutory period, and they could not be filed nunc pro tunc, at least where court had not approved them within statutory period.

2. **Trial** ⬅➡405(1)—**Objection to failure of trial court to file findings and conclusion, not waived.**

Where counsel had in writing requested court to file findings of fact and conclusions of law, and subsequently called his attention thereto orally, but court suggested that those matters be threshed out on hearing of motion for new trial, that counsel did not bring matter to court's attention at that time *held* not to waive right to assign error to failure to file findings.

3. **Appeal and error** ⬅➡1071(1)—**Failure of trial court to file findings of law and fact prejudicial.**

Where evidence raised more than one issue on which judgment might have been based, failure of court to file conclusions of fact and law in response to proper request of counsel *held* prejudicial error.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Garrow, MacClain & Garrow, Inc., against the Texas & New Orleans Railroad Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded for new trial.

Fulbright, Crooker & Freeman, of Houston, for appellant.

Garrison & Watson, and Baker, Botts, Parker & Garwood, all of Houston, for appellees.

WALKER, J. This was a suit by appellant, cotton factors in the city of Houston, Harris county, Tex., against appellees, to recover $4,288.17, which it claimed as excess freight paid during the fiscal year 1921–1922. On a trial to the court without a jury, judgment was rendered in favor of appellees, and, though duly requested by appellant, the trial court failed to file its conclusions of law and fact within the statutory time.

The facts of this case appear practically without dispute. During the fiscal year of 1921–1922, appellant had in its employment a Mr. Gammell, whose duties, in part, were to keep track of the waybills and arrival notices of cotton as it was shipped in to the account of appellant. This clerk, on receipt of arrival notices, would make up a statement of the freight due and prepare a check for the signature of the proper officers of appellant, who, upon an examination of the statement prepared by Gammell, would execute a check for the freight shown by his statement. Some of these checks were delivered to appellees' agent by a messenger boy, others of the checks were delivered by Mr. Gammell. Some months after the opening of the cotton season for the year in question, Mr. Gammell, in making out his statement of the freight due on the arrival notices, would include shipments upon which the freight had already been paid. When these checks and attached statements were presented to appellees' agent, the error would be discovered, and, at the request of Mr. Gammell, the agent would pay him the difference in money between the amount of the check and the freight actually due. Mr. Gammell requested this method of settlement on the ground that the checks had passed through appellant's books and it would be an accommodation to it to make the adjustment in that manner, rather than by a new check for the correct amount. For the money so received by him, Mr. Gammell executed receipts as appellant's agent. Mr. Gammell made no reports of these payments to him, but appropriated this money to his own use, and appellant never knew of the practice indulged in by him, nor of his fraudulent conduct in relation thereto, until upon checking over its books at the close of the season it discovered the discrepancy between the amount of the checks issued by it for freight and the amount of freight actually due for the cotton received by it over appellees' lines. When the matter was called to the attention of appellees' agent, he checked over with appellant its statement of the cotton receipts and of freight due, of the checks delivered and of the balance claimed by appellant, and, in substance, O. K.'d appellant's statement. In fact, there was a difference of only a few dollars or a few cents between appellant's statement and appellees' own books. On these facts, appellant sought to recover from appellees the difference between the amount of checks issued by it to appellees' account for freight, in the sum of $18,266.09, and the amount of freight actually due on the cotton arrivals, in the sum of $13,993.61, praying for the difference as its measure of recovery. Appellees answered only by a general demurrer and a general denial.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant's main contention is based upon the refusal of the trial court to file its conclusions of law and fact within the statutory time. The bill of exception and the court's qualification thereto presenting that point are as follows:

"Be it remembered, that in the above entitled and numbered cause on the 21st day of November, A. D. 1923, and during the term of the court at which a judgment was rendered for the defendants in the above styled cause, and after the rendition of such judgment, and prior to the adjournment of said term of court, the plaintiff, by its attorneys of record, filed with the clerk of this court among the papers in said cause a written motion and demand on behalf of the plaintiffs that the court and the judge thereof prepare and file with the clerk of the court his findings of fact and conclusions of law, respectively in said cause; that the said motion and demand was presented to the court and called to the court's attention, and to the attention of the Judge thereof in open court on or about the said 21st day of November, A. D. 1923, and prior to the adjournment of the term of court; that the term of said court at which the said judgment was rendered adjourned on the 5th day of January, A. D. 1924; that the court and the judge thereof failed to comply with the said motion and demand of the plaintiff, and failed to file with the clerk of said court his findings of fact, or conclusions of law, in this case during the term of said court, or within ten days after the final adjournment of said term of court at which said cause was tried and the judgment entered; that no findings of fact or conclusions of law have to this date been prepared by the court or the judge thereof, or filed with the clerk of said court in this cause.

"To which several acts and omissions of said court, and of the judge thereof, the plaintiff desires to except, and here now tenders this its bill of exception, and prays that the same be examined, approved, and signed by the court as its bill of exception, and that the same be ordered filed as a part of the record in said cause.

"————————, Attorneys for Plaintiff.

"The foregoing bill of exception has been examined by the court and found correct, with these qualifications: At the time of the completion of the trial of the above numbered and entitled cause, the court requested counsel for both sides to prepare their tentative findings of fact and conclusions of law. That thereafter, some time during the latter part of December, and prior to the closing of the term of court at which said case was tried, and prior to the hearing of the motion for new trial, which was then pending, Mr. Bates, of counsel for plaintiff, presented original tentative findings of fact prepared by the plaintiff, and a carbon copy of tentative findings of fact prepared by the attorneys for the defendants. That the court stated to Mr. Bates at that time that it would be better to take this matter up at the hearing of a motion for new trial and thresh all matters out at that time; that at the time of the argument of the motion for a new trial no mention was made by either side of the findings, and that no findings of fact or conclusions of law have in fact been filed, and that

the court has had in his possession the tentative findings above referred to. That the original bill of exception of plaintiff embodied herein was presented to the court on February 26, 1924. That at this time, on, to wit, April 1, 1924, no findings of fact or conclusions of law have been prepared by the court or filed, but that the court expects to make findings of fact and conclusions of law, and enter an order that they be filed nunc pro tunc.

"W. E. Monteith,
"Judge Sixty-First District Court."

The court subsequently filed conclusions of law and fact under authority of an order entered nunc pro tunc; and also approved and filed a statement of facts, which is before this court for consideration, but to which appellant did not agree nor consent, giving as its reason for withholding its consent the following explanation:

"In view of the fact that this cause was tried on the 20th day of November, A. D. 1923, and plaintiff immediately made request in writing that the court file its findings of fact and conclusions of law, and thereafter several times prior to adjournment of the court on January 5, 1924, requested the same orally, and on the 26th day of February, 1924, the court having failed to file his findings of fact and conclusions of law, plaintiff presented its bill of exception No. 1, complaining of such failure on the part of the court, which bill was finally approved by the court on the 1st day of April, 1924, at which time the court had not filed its findings of fact and conclusions of law —all of which has been greatly to the plaintiff's prejudice in preparing its appeal. For the foregoing reasons, as well as some apparent errors in the same, plaintiff respectfully declines to agree to the statement of facts and the filing thereof in this cause."

Appellees have reserved a bill of exception to certain actions of the court, in which it is made to appear that the conclusions of law and fact approved by the court were those prepared by appellees' counsel, and filed with the court within the statutory period. On a hearing to enter the nunc pro tunc order for filing the conclusions of law and fact, appellees were seeking to show that the court had judicially approved the conclusions of fact prepared by their counsel, and that nothing remained to be done except the formal approval of the same by writing the signature of the trial judge thereon and filing same with the clerk, but the trial judge clearly and emphatically stated on this hearing that no such approval, mentally, had been given; that he had under consideration the conclusions prepared by appellee, as well as those prepared by appellant, and no judicial action had been taken thereon. Appellees' bill of exception was reserved to the refusal of the court to give them a conclusion, to the effect that it had judicially approved the conclusions prepared by their counsel.

Appellees insist that the failure of the

court to file the conclusions of law and fact within the statutory period did not constitute error, for the following reasons:

[1] (1) They say:

"When, at the request of the court, appellees prepare the findings of fact and conclusions of law, and such findings of fact and conclusions of law are actually in the hands of the court before expiration of the term at which the case is tried, but through oversight are not filed within ten days after expiration of the time, the court may order the district clerk to file such findings of fact and conclusions of law nunc pro tunc, and when so filed without ,objection or exception that they become a part of the record, and may be so considered by the appellate court."

This does not present a sound legal proposition. It is now the settled law of this state "that after ten days have elapsed from the adjournment of the court the power of the trial judge to file conclusions of fact and law ceases." Patton v. Texas & Pacific Coal & Ice Co. (Tex. Civ. App.) 225 S. W. 857. The court has no authority to make an order abrogating this mandatory statutory provision. Then the theory upon which appellees base this proposition has no foundation in the facts of this case. An order nunc pro tunc can be resorted to only for the purpose of entering a judgment or order that was, in fact, rendered by the court, but for some reason omitted from the record. In this case the court affirmatively stated that it had not approved any conclusions of law and fact within the statutory period. Therefore, even on the proposition urged by appellees, and upon which they base their bill of exception, there was no legal basis, in fact, for the entry of such an order. But we would not be understood as intimating even that had the court, in fact, mentally and judicially approved the conclusions of fact, but failed to indorse his approval thereon, that such omission could be cured by a nunc pro tunc order. That point is simply not in this case.

[2] (2) Again, they say:

"When the court fixes a date prior to the expiration of the term at which the case was tried, the date being agreeable to the appellant, for a hearing on and a discussion of the facts for the purpose of arriving at the findings of fact, and the appellant agrees to such a plan, and then, on said date or at any other time after such plan was agreed to by appellant, fails to call the matter to the court's attention, appellant thereby waives the error, and is estopped from assigning same on appeal."

Of course, the decisions are clear that an appellant can and may waive a right to assign error against the court's failure to file conclusions of law and fact in response to his motion therefor. Houston Oil Company of Texas v. Ragley-McWilliams Lbr. Co. (Tex. Civ. App.) 162 S. W. 1183; Guadalupe County v. Poth (Tex. Civ. App.) 153 S. W.

919. But the facts of this case, as shown by appellant's bill and by the court's qualification thereto, do not even suggest waiver. It was the court that asked for a hearing on the facts. Appellant did not, as a matter of law, rest under the duty of calling this setting to the court's attention. Having made due request for conclusions of law and fact, appellant should not be denied that right on the ground that it failed to call to the court's attention a setting made on the court's own motion. Then it is clear from the court's qualification to appellant's bill that it did not offer, as an excuse for failing to comply with appellant's motion, that appellant had misled the court or had in any way deceived the court or caused the court to believe that the motion would not be relied upon.

[3] (3) Again, appellees say:

"The failure of the court to file findings of fact and conclusions of law on proper request is reversible error only when it is made to appear that such failure resulted in injury to appellant, and prevented appellant from making a proper presentation of his appeal."

On authority of G. H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 529; appellant advances the following proposition as against appellees' proposition just quoted:

"When a case is tried before the court, the failure of the trial court to file its findings of fact and conclusions of law as required by the statute, upon proper request of the party appealing, is reversible error, unless it affirmatively appears from the record on appeal that no injury was done the appellant by the failure of the court to do so."

Appellees criticize very severely the authority just cited and the proposition advanced by appellant. But it is not necessary in this case for us to determine whether it should affirmatively appear from the record that injury did not result to appellant, or that it must affirmatively appear that injury did result, since, on the facts of this case, we think it manifest that an affirmative showing of injury has been made by the failure of the court to seasonably file its conclusions of law and fact.

As we have said, the facts of this case are practically without dispute. If Gammell was appellant's agent, with authority to receive from appellees the money in question, then it has no cause of action against appellees. But if Gammell was not acting within the scope or the apparent scope of his authority in receiving and receipting for the money, then appellees are liable to appellant for the full amount sued for. Appellees insist that the evidence raised both theories of agency. Of this proposition we have some doubt, in fact, we have found no evidence in the record sufficient to sustain a finding of agency in fact: It affirma-

tively appears from the record that Gammell was merely a detail clerk in the office of appellant, with no authority to receive money for its account. It was not the intention of appellant, in sending Gammell to the office of appellees with the check, to empower him to adjust any differences in the accounts, nor to collect any money whatever. The fact that mistakes had been made was not in the contemplation of the parties. This service was nothing more than a messenger service, since it appears that some of the checks were, in fact, delivered by the office boy. Appellant transacted its business, paid all its bills, down to the smallest items, with checks. One reason for not checking the statements to which the checks were attached, as stated by a member of appellant company, was that it was thought the system of paying by check was thief proof, and if any errors were discovered in the check system they could be easily corrected. One of the managers of the company testified that he could not swear at the time of the trial what appellant company would have done with the money had Gammell made due report of the money he had received from appellees, but it was his judgment that the money would have been returned, the erroneous checks taken up, and new checks issued for the correct amounts. However, for the purposes of this opinion, we are not deciding the question of whether or not the issue of agency in fact was raised, nor is it necessary to review the evidence on the issue of apparent or implied agency. Since the trial court failed to file conclusions of fact and law, appellant was not advised upon what theory of the evidence the judgment was based. Appellees say that since the evidence is without dispute, and since both issues were raised, appellant has suffered no injury by the failure of the court to comply with appellant's motion. We cannot agree with them in this conclusion. If the judgment was based on a theory of implied or apparent agency, then the judgment has no support, since that defense cannot be urged under a general denial, but must be specially pleaded. Mutual Life Ins. Co. v. Collin County National Bank, 17 Tex. Civ. App. 477, 43 S. W. 831; Rail v. City National Bank, 3 Tex. Civ. App. 557, 22 S. W. 865; Tres Palacios Rice, etc., Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698; Y. M. C. A. v. Schow Bros. (Tex. Civ. App.) 16 S. W. 931.

We think it is clear from the decisions that when there is a conflict in the evidence, as in G. H. & S. A. Ry. Co. v. Stewart & Threadgill, supra, or where the evidence raises more than one issue upon which appellant may have lost his case, the court commits reversible error in failing to file conclusions of fact and law.

For the reasons given, the judgment of the trial court is reversed, and this cause remanded for a new trial.