### ROBISON et al. v. GALLOWAY et al. (No. 3025.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 29, 1925.)

1. **Appeal and error ⟨⟩1071(1)—Failure to file findings and conclusions within 10 days after adjournment requires reversal.**

Failure of trial court to file, on request, his findings of fact and conclusions of law within 10 days after adjournment of court, as required by statute, *held* to require reversal.

2. **Appeal and error ⟨⟩527(2)—Findings and conclusions, filed more than 10 days after adjournment, not considered.**

Findings of fact and conclusions of law, filed by trial court after expiration of 10 days succeeding adjournment of court, cannot be considered by appellate court for any purpose.

Error from District Court, Morris County; R. T. Wilkinson, Judge.

Action by A. B. Galloway and others against W. W. Robison and another. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

S. I. Robison, of Texarkana, for plaintiffs in error.

Henderson & Bolin and Lloyd E. Price, all of Daingerfield, for defendants in error.

HODGES, J. In September, 1924, defendant in error A. B. Galloway filed this suit against the plaintiffs in error, Robison and Holt, to recover the sum of $325, together with interest and attorney's fees. The pleadings showed that the note was given in part payment of the purchase price of a gasoline pump and tank. Robison and Holt admitted the execution of the note, but alleged by way of answer that the debt had been assumed by one W. O. Bryan, and that they had been released from further liability by Galloway.

[1, 2] In a trial before the court a judgment was rendered against the plaintiffs in error for the full amount sued for. Within due time after judgment was rendered plaintiffs in error requested the trial judge to file his findings of fact and conclusions of law. This he failed to do within 10 days after the adjournment of court. In this appeal the only ground urged for a reversal of the judgment is the failure of the court to perform that statutory duty.

It is true the record contains what purports to be the findings of fact and conclusions of law, but it appears that they were filed after the expiration of 10 days succeeding the adjournment of court. For that reason such findings cannot be considered for any purpose. Houston Oil Co. v. Ragley-McWilliams Lumber Co. (Tex. Civ. App.) 162 S. W. 1183, and cases there cited.

For the failure of the court to comply with the request of the plaintiffs in error the cause is reversed and remanded.