## UNITED STATES FIDELITY & GUARANTY CO. v. LOYD et al.   (No. 3126.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 19, 1925.)

1. **Trial ⊕═403—Trial court's power to file findings and conclusions ceases after 10 days from adjournment, regardless of reason for delay.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1989, 2075, power of trial judge to file conclusions of fact and law ceases after 10 days have elapsed from adjournment of court, regardless of whether there was a reason for delaying filing of statement beyond that time or not.

2. **Appeal and error ⊕═1071(1)—Trial court's failure to file findings and conclusions within 10 days after adjournment requires reversal.**

Trial court's failure to file, on request, findings of fact and conclusions of law within 10 days after adjournment of court, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1989, 2075, *held* to require reversal.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by the United States Fidelity & Guaranty Company to set aside award in favor of P. S. Loyd and others for death of Paul Loyd, made by the Industrial Accident Board under the Workmen's Compensation Law. Judgment for defendants, and plaintiff appeals. Reversed and remanded for new trial.

Seay, Seay, Malone & Lipscomb, of Dallas, and Briggs & Davis, of Gilmer, for appellant.

C. E. Florence, of Gilmer, for appellees.

WILLSON, C. J. This was a suit by appellant to set aside an award of damages against it in favor of appellees for the death of Paul Loyd, son of appellees P. S. Loyd and Mrs. Lela Loyd, his wife, made by the Industrial Accident Board under the Workmen's Compensation Law (articles 5246—1 to 5246—91, Vernon's Statutes), in which judgment was rendered in favor of appellees.

[1, 2] The record sent to this court is without a statement of facts, and appellant as-

---

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

signs as error entitling it to a reve rsal of the judgment the fact that the trial court failed to comply with its request that he "state in writing the conclusions of fact found by him separately from the conclusions of law," and file same with the clerk within 10 days after the expiration (on January 31, 1925) of the term of the court at which the judgment was rendered. It appears in the record that the judge undertook to make such a statement, but that same was not filed until March 5, 1925, which was more than 30 days after the end of the term. It seems to be settled that, "after 10 days have elapsed from the adjournment of the court, the power of the trial judge to file conclusions of fact and law ceases," without reference to whether there was a reason (and in this case it seems from the judge's qualification of the bill of exceptions there was one) for delaying the filing of the statement beyond that time or not. Articles 1989 and 2075, Vernon's Statutes; Oil Co. v. Lumber Co. (Tex. Civ. App.) 162 S. W. 1183, and authorities there cited; Sands v. Lemmerhirt (Tex. Civ. App.) 262 S. W. 125; Robison v. Galloway, 278 S. W. 282, decided by this court October 29, 1925, and not [officially] yet reported: Osborne v. Ayers (Tex. Civ. App.) 32 S. W. 73; Love v. Rempe (Tex. Civ. App.) 44 S. W. 681. The contention presented by the assignment is sustained, and the judgment will be reversed, and the cause will be remanded to the court below for a new trial.