## MAULDIN DRILLING CO. v. WEYMAN.
### (No. 586.)

Court of Civil Appeals of Texas. Waco. Feb. 2, 1928.

Rehearing Denied March 8, 1928.

1. **Appeal and error ⬤⇒722(1)—Plaintiff in error may file assignments in addition to those set forth in motion for new trial.**

Plaintiff in error has right to file assignments of error in addition to those constituting grounds of motion for new trial, especially where errors arise subsequent to motion.

2. **Appeal and error ⬤⇒744—Additional assignments of error to overruling motion for new trial and court's failure to file findings and conclusions, filed before taking out transcript, were timely filed (Rev. St. 1925, art. 1844; rule 101 for District and County Courts).**

Additional assignments of error to overruling of motion for new trial and for court's failure to file findings of fact and conclusions of law, which assignments were filed after adjournment of term and filing of bond for writ of error, were filed within time under Rev. St. 1925, art. 1844, where transcript had not been taken out, since such assignments under rule 101 for district and county courts would not have to be incorporated in transcript, but only in brief.

3. **Courts ⬤⇒488(1)—Decision of Court of Civil Appeals of another district permitting filing of transcript was not after transfer re-examined on motion to strike transcript.**

Where Court of Civil Appeals of another district granted motion to file transcript, question was not re-examined, on motion to strike transcript and dismiss appeal, by Court of Civil Appeals of another district to which case was transferred by Supreme Court.

4. **Exceptions, bill of ⬤⇒40(1)—Bill of exception, presented after taking writ of error, which court ordered filed with record, was not filed too late, time being impliedly extended (Rev. St. 1925, art. 2246, § 3).**

Bill of exception to action of trial court in failing to prepare and file findings and conclusions, presented to court 20 days after appeal by writ of error, was not filed too late, where bill recited that it was by the court "ordered filed as part of record of this cause," since Rev. St. 1925, art. 2246, § 3, authorizes extension of time for filing statements, and bills and court's order had effect of express extension of time.

5. **Courts ⬤⇒85(2)—Statutes ⬤⇒243—Statutes and rules governing procedural matters should be liberally construed.**

Liberal construction should be given to rules and statutes governing matters of procedure, and only substantial compliance therewith should be required.

6. **Trial ⬤⇒392(2)—On trial without jury party on seasonable application has right to have findings and conclusions filed within ten days after adjournment (Rev. St. 1925, arts. 2208, 2210, 2247).**

In case tried by the court without a jury, any party on seasonable application has right to have findings of fact and conclusions of law prepared and filed by trial court within ten days after adjournment of term under Rev. St. 1925, arts. 2208, 2210, 2247.

7. **Trial ⬤⇒392(2)—Application for findings and conclusions, made on adjournment day following overruling of motion for new trial, held timely (Rev. St. 1925, arts. 2208, 2210, 2247).**

Request addressed to trial court for findings and conclusions on day following overruling of motion for new trial and on day on which court adjourned was seasonably made, and entitled party to have findings and conclusions filed within ten days after adjournment, under Rev. St. 1925, arts. 2208, 2210, 2247.

8. **Trial ⬤⇒392(2)—Right to have findings and conclusions filed held not dependent on presentation of statement of facts (Rev. St. 1925, arts. 2208, 2210, 2247).**

Right of party to have findings and conclusions filed under Rev. St. 1925, arts. 2208,

2210, 2247, was not dependent on preparing or making and presenting of statement of facts, though application was presented on adjournment of term some 90 days after judgment was rendered.

**9. Trial ⬅➡392(4)—Court's refusal to file findings and conclusions is not justified by statement of inability to do so or lack of time (Rev. St. 1925, arts. 2208, 2210, 2247).**

Where case is tried before the court and request made for findings of fact and conclusions of law, preparation and filing thereof is a part of the trial of the case under Rev. St. 1925, arts. 2208, 2210, 2247, and refusal of court to comply with request is not justified by statement of inability to do so or lack of time.

**10. Trial ⬅➡392(2)—Failure to file findings and conclusions held not justified because request was made on last day of term and no statement of facts presented, waiver of litigant's rights not being shown (Rev. St. 1925, arts. 2208, 2210, 2247).**

Facts stated by trial court in qualification to bill of exceptions for court's failure to file findings and conclusions as required by Rev. St. 1925, arts. 2208, 2210, 2247, that judgment had been rendered at first week of term and that findings and conclusions were not requested until the last day of term, about 90 days later, after new trial had been denied, that court reporter had failed to prepare statement of facts which was necessary in preparing findings, and that judge had been informed that appeal had been abandoned, *held* not to justify failure to file or to show waiver on part of party making request.

**11. Appeal and error ⬅➡1071(1)—Judgment for plaintiff was reversed for trial court's failure to file findings and conclusions, where defensive pleas were interposed and no statement was contained in record (Rev. St. 1925, arts. 2208, 2210, 2247).**

Where in suit on note defense was interposed that execution thereof by president of corporation was ultra vires, and that note was executed without consideration and under duress, and non est factum was pleaded, judgment for plaintiff was required to be reversed for court's failure to comply with request of defendant for findings of fact and conclusions of law, under Rev. St. 1925, arts. 2208, 2210, 2247, where there was no statement in the record, since appellate court could not determine whether judgment was sustained.

Error from District Court, Navarro County; Hawkins Scarbrough, Judge.

Suit by A. C. Weyman against the Mauldin Drilling Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Melville Peters, of Wichita Falls, and Davis, Jester & Tarver, of Corsicana, for plaintiff in error.

H. E. Wassell and Callicutt & Upchurch, all of Corsicana, for defendant in error.

STANFORD, J. On rehearing we withdraw the original opinion and substitute therefor the following opinion:

Suit by defendant in error, hereafter referred to as defendant, against plaintiff in error, hereafter designated plaintiff, upon a note for $1,050, alleged to have been executed by plaintiff and payable to the order of defendant, also an itemized sworn account for $1,051.10. Trial was had before the court without a jury and judgment for defendant rendered for $1,298.30. Amended motion for new trial was overruled and notice of appeal given, and the case is before this court for review. The facts will be stated more fully in the course of this opinion.

[1, 2] Defendant presents a motion to strike out the transcript; plaintiff's assignments of error filed in the district court of Navarro county on October 2, 1926, and bill of exception filed in said court on December 29, 1926. We will first dispose of this motion. The record discloses that the term of the court at which this case was tried began on April 5, 1926, and closed June 26, 1926; that this case was tried and judgment rendered on April 9, 1926. Plaintiff's amended motion for new trial was overruled on June 25, 1926, and notice of appeal given. On June 26, 1926, plaintiff presented to the court its motion requesting the court to file findings of fact and conclusions of law. The court failed to comply with such request. On October 2, 1926, plaintiff filed its petition and bond for writ of error, which bond was on same date duly approved. On the same date, October 2, 1926, plaintiff filed its additional assignments of error, assigning error to the action of the court in: (1) Overruling its motion for new trial; and (2) in failing to file findings of fact and conclusions of law. That plaintiff had the right to file assignments in addition to those constituting the grounds of its motion for a new trial is well settled in this state (Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099); and especially is this true as to errors arising subsequent to the motion for a new trial (Dees v. Thompson [Tex. Civ. App.] 166 S. W. 56; Werner v. Needham [Tex. Civ. App.] 201 S. W. 213). Were these assignments filed in time? Article 1844, Revised Civil Statutes of 1925, is as follows:

"Before he takes the transcript from the clerk's office, the appellant or plaintiff in error shall file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies," etc.

There appears to be no other limitation on the time within which assignments may be filed. These additional assignments were filed with the clerk of the trial court before the transcript was required to be taken out and before it was taken out, and said assignments are properly included in the transcript.

---

In fact, these additional assignments, relating to matters that occurred after the rendition of judgment and after. the adjournment of court, were not required to be filed and incorporated in the transcript, but only in plaintiff's brief. Rule 101 for district and county courts (159 S. W. xi); Moody v. Bonham et al. (Tex. Civ. App.) 178 S. W. 1020; Goodman v. Peck (Tex. Civ. App.) 192 S. W. 785. As to said additional assignments of error, defendant's motion is without merit.

[3] As to the part of said motion asking that this court strike out the transcript and dismiss this appeal, we think it is sufficient to say that this case was returnable to the honorable Court of Civil Appeals for the Fifth Supreme Judicial District, and the appeal by writ of error was duly perfected to said court, and the record discloses that on May 7, 1927, before said cause was transferred to this court by our Supreme Court, said court heard a motion by plaintiff to be permitted to file the transcript in this cause in said court, and on said date granted said motion and ordered the transcript to be filed, and same was so filed in said court long before said cause was transferred to this court. This question, having been settled by the. honorable Court of Civil Appeals at Dallas, will not be re-examined by this court.

[4, 5] Defendant further asks this court to strike out plaintiff's bill of exception to the action of the trial court in failing to prepare and file findings of fact and conclusions of law upon the ground same was filed too late. Appellant perfected its appeal by writ of error on October 2, 1926. On October 28, 1926, plaintiff presented to the court its bill of exception to the action of the court in failing to make and file said findings and conclusions, which bill was on the same day, after some qualifications by the court, approved and filed, and included in the transcript, which was delivered to plaintiff on December 29, 1926, and which transcript was by order of the honorable Court of Civil Appeals at Dallas, filed in said court on May 7, 1927. The appeal by writ of error in this case having been perfected by the approval of the error bond on October 2, 1926, plaintiff had until January 2, 1927, in which to file transcript and statement of facts, if there had been such, in the appellate court. Under section 3 of article 2246 of the Revised Statutes of 1925, the trial court was authorized in either term time or vacation to extend the time for filing statement of facts and bills of exception, provided such extension did not delay the filing of the record in the appellate court. In said bill of exception the same was by the court "ordered filed as a part of the record of this cause." This was the same, in effect, as if the court had expressly extended the time for filing same. Robertson et ux. v. Lee et al. (Tex. Com. App.) 249 S. W. 217. A liberal construction should be given to rules and statutes governing matters of procedure, requiring only that they be substantially complied with. Stephens v. Herron, 99 Tex. 63, 87 S. W. 326; Hamill v. Samuels, 104 Tex. 46, 133 S. W. 419. This motion is overruled.

Under its second assignment plaintiff contends, in effect, that it was reversible error for the trial court to fail to make and file findings of fact and conclusions of law where motion therefor is timely made and called to the attention of the court. The record discloses that plaintiff, in proper time, filed, had docketed, and called to the attention of the court its motion requesting the court to file findings of fact and conclusions of law. The court failed to comply, and there is no statement of facts in the record. But defendant contends plaintiff waived the making and filing by the court of said findings and conclusions, and bases said .contention on the qualification by the court of plaintiff's bill of exception reserving exception to such refusal. Said qualification is as follows:

"The April term of the district court of Navarro county consists of twelve weeks, and this case was tried the first week of said term, being the first week in April, and judgment rendered at that time. On the last Saturday in June, 1926, being the last day of said term, the defendant presented to the court a motion for a new trial, which was overruled, and at that time, and for the first time, asked for a conclusion of law and facts. The court informed the counsel for the defendant that it would be impossible to prepare a conclusion of law and fact at that late day as most of the facts had escaped the court's mind as practically ninety days had transpired since the trial of the case, and that further, it would be impossible to prepare the same within ten days after the judgment of the court, and counsel for the defendant agreed that same could be prepared at a later date. The court promised the counsel for the defendant that he would prepare the conclusions of law and fact after the court reporter had prepared the statement of facts so that the court could go over the evidence and refresh his mind, and it was agreed to and understood by defendant's counsel. The judge of the court repeatedly inquired of the court reporter if an order for a statement of facts had been given or any prepared, and was informed that no order had been given and none had been prepared, and that the appeal had been abandoned. Some time in October, 1926, almost six months after the case was tried, defendant sued out a writ of error in this case. To this date, so far as the court knows, no statement of facts has ever been prepared by the court reporter and none has ever been submitted to the court for approval, and the judge of this court is wholly unable at this late date and was unable at the date conclusions of law and fact were asked for to prepare same without having before him the statement of facts, as all notes that were made by the judge on the trial of the case had long since been destroyed as the judge understood that the case would not be appealed, and this bill of exception was presented to me for the first time on December 28, 1926."

Our statutes provide:

"Upon a trial by the court, the judge shall, at the request of either party, state in writing the conclusions of fact found by him separately from the conclusions of law. Such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record." Article 2208, Revised Statutes 1925.

It is also provided by statute:

"When demand is made therefor, the judge of a district or county court shall have ten days after adjournment of the term at which the cause was tried in said court in which to prepare his findings of fact and conclusions of law in cases tried before the court." Article 2247, Revised Statutes 1925.

Our statutes provide further:

"It shall be sufficient for the party excepting to the conclusions of law or judgment of the court to cause it to be noted on the record in the judgment entry that he excepts thereto; and he may thereupon take his appeal or writ of error without a statement of facts or further exceptions in the transcript." Article 2210, Revised Statutes 1925.

[6, 7] It is a plain, statutory right of any party in a case tried by the court without a jury, upon seasonable application therefor, properly called to the attention of the court, to have findings of fact and conclusions of law prepared and filed by the trial court within ten days after the adjournment of the term. See articles of statutes, supra; Love et al. v. Rempe et al. (Tex. Civ. App.) 44 S. W. 681; Crocker v. Crocker, 19 Tex. Civ. App. 296, 46 S. W. 870; Sutherland v. Kirkland et al. (Tex. Civ. App.) 134 S. W. 851. Plaintiff's motion for a new trial was overruled June 25, 1926, to which action exception was taken and notice of appeal given. On the next day, June 26, 1926, the day on which the court adjourned, the request for findings was made and called to the attention of the court. We think this request was seasonably made. Plaintiff could not know said findings would be needed until said motion was acted upon, and the record discloses no fault on the part of plaintiff in that the motion was not acted on earlier. The court doubtless knew said motion was pending, and controlled the time when the same would be heard. The court had ten days after the request was made to comply with same. The principal reason the court states in his qualification to the bill of exception for not complying with same is that, as it had been practically 90 days since he tried the case, the evidence had escaped his memory, and so he could not comply with said request until he had a statement of facts, etc.; but the record shows there was a court reporter who reported this case, who was subject to the order of the court, who could have required the reporter to transcribe his notes in question and answer form for the use of the court, or to

read the evidence for the court from his notes. But the court says further in said qualification:

"And that further it would be impossible to prepare same within ten days after the judgment of the court, and that counsel for defendant agreed that same could be prepared at a later date."

[8-10] This was true; the findings could not be filed within ten days after the judgment, for the judgment had been rendered some 90 days before the request for findings was made, but they could be filed within 10 days after the adjournment of court, and the statement of counsel in reply to the court's statement above was, in effect, that such findings could be filed later than 10 days after the date of the judgment, and is not subject to the construction that appellant's counsel agreed such findings might be filed later than 10 days after the adjournment of court. From said qualification of the bill, it appears the court sought to excuse himself from complying with the request for findings on the ground that no statement of facts was furnished him, although it is not made to appear that plaintiff ever promised or agreed to have a statement of facts made. Plaintiff, under the plain terms of the statutes, had the right to have said findings and conclusions filed as provided by law, and said right was in no way dependent upon whether or not a statement of facts was made. No duty rested upon plaintiff to have a statement of facts prepared. There is no evidence that plaintiff agreed to do so. The court says he understood the appeal had been abandoned, but there is no contention that such understanding resulted from anything said or done by plaintiff or its attorneys. Plaintiff had the legal right to have the court's findings and conclusions filed and to base its appeal upon same. The effect of the court's qualification to the bill of exception was that he could not comply with appellant's request, which was the same, in effect, as saying he would not, and there is nothing in the qualification to indicate that his failure to do so was attributable to anything said or done by plaintiff's counsel. Where a case is tried before the court and request made for findings of fact and conclusions of law, the preparation and filing of same by the court is a part of the trial of such case, and for the court to say he cannot comply, or that he will not comply, or that he has not the time, shows no justification for his refusal to accord to a litigant his statutory right to such findings. Love et al. v. Rempe et al. (Tex. Civ. App.) 44 S. W. 681; Scroggins v. Neece Lumber Co. (Tex. Civ. App.) 138 S. W. 789; M., K. & T. Ry. Co. v. Cameron & Co. (Tex. Civ. App.) 136 S. W. 74. We think the facts stated in the qualification to the bill by the court are insufficient to excuse the court from performing his statutory duty of filing said findings

and conclusions as provided by law, and also that said facts are insufficient to show a waiver on the part of plaintiff of his statutory right to have said findings and conclusions filed. Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Guadalupe County v. Poth (Tex. Civ. App.) 153 S. W. 919; Houston Oil Co. v. Ragley, etc., Co. (Tex. Civ. App.) 162 S. W. 1183; Garrow et al. v. T. & N. O. Ry. Co. (Tex. Civ. App.) 273 S. W. 277; Anderson v. Lockhart (Tex. Civ. App.) 209 S. W. 218; Irwin v. State Nat. Bank (Tex. Civ. App.) 224 S. W. 246.

[11] In this case, plaintiff, defendant in the court below, pleaded by way of defense that the act of the president of the corporation in executing the note sued upon was an ultra. vires act, and that same was not binding on the defendant corporation, and also that said note was given without any consideration; also that said note was executed, if at all, under duress; and also pleaded non est factum. There is no statement in the record. This being true, in the absence of findings of fact and conclusions of law by the trial court, this court cannot determine whether or not the judgment for defendant, plaintiff in the trial court, was sustained in the face of these defensive pleas. Hence the judgment must be reversed by reason of the court's failure to comply with the request for findings of fact and conclusions of law.

Article 2247, Revised Civil Statutes 1925; Irwin v. State Nat. Bank (Tex. Civ. App.) 224 S. W. 246; Garrow, MacClain et al. v. T. & N. O. Ry. Co. (Tex. Civ. App.) 273 S. W. 277; G., H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 529.

The judgment is reversed, and the cause remanded.