RYCADE OIL CORPORATION, Appellant,

v.

Russell LASATER, dba Russell Lasater Construction Company, Appellee.

No. 11147.

Court of Civil Appeals of Texas.

Austin.

Feb. 5, 1964.

and the remainder of $6,657.84 is still due and owing * * * the defendant refuses to pay said sum."

Appellant answered with a general denial and also alleged that prior to the filing of the suit a dispute existed between the parties hereto as to the amount due on the abovementioned claim; that the dispute was settled by agreement between the said parties as to the amount which the appellant would pay and the appellee would accept as full payment for the claim alleged; that thereafter the appellant paid such amount in full and appellee accepted such payment as full settlement of appellant's claim and released appellant from all further liability.

The case was tried before a jury that found that the appellant was indebted to the appellee; that the indebtedness was in the sum of $6,657.84; that a controversy had existed between the parties to the suit as to the amount due the appellee; that the controversy between the parties was not urged in good faith.

The appellant's motions for an instructed verdict and judgment non obstante veredicto were overruled and the court entered judgment on the jury's verdict for appellee in the amount found by the jury with interest.

We reverse and render the judgment of the trial court.

There is no dispute concerning the following facts of this case. On the basis of a low bid appellee was awarded a "turn key" contract by appellant to install a compressor and erect a building therefor at appellant's gasoline plant in Winkler County, Texas. The amount agreed upon for this complete job was $6,800.00. At some point during the time that the construction agreed upon was in progress, the parties decided to include additional construction work to be performed by appellee and decided that the amount of payment would be different from that original "turn key" amount originally agreed to. The

Butler, Binion, Rice & Cook, William C. Perry, James E. Crowther, Houston, for appellant.

Peter P. Cheswick, Houston, for appellee.

PHILLIPS, Justice.

The plaintiff in the trial court and appellee in this Court, Russell Lasater, doing business as Russell Lasater Construction Company, brought suit against Rycade Oil Corporation, defendant below and appellant here, alleging that "defendant requested and contracted with plaintiff to have some construction and repair work done on its refinery installations at Wink, Texas. Defendant agreed to pay for work done * * * the sum of $13,315.68 * * * upon completion and acceptance * * * defendant paid plaintiff $6,657.84

record is extremely vague as to just what method the parties had agreed upon as the proper way to arrive at the method and amount of payment, however, there is no doubt the original contract with a fixed price for a stated amount of construction work was abandoned in favor of the later procedure described above.

Pursuant to the construction work performed by appellee, appellant made two payments of $2,500.00 each or a total of $5,000.00. In addition appellant had paid $2,135.00 to a third party whose identity is immaterial here for the construction of the building that was originally to have been constructed by appellee in the original "turn key" contract. Thus, appellant had already spent $7,135.00 on a job that had originally been expected to cost $6,800.00.

This was the situation when appellee presented appellant an additional bill for $13,315.68. At this point there was considerable discussion between the parties hereto and a dispute resulted from the size of this last bill presented. Approximately one month after appellant received the bill for $13,315.68, appellee sent appellant another bill for $6,657.84. This bill was paid by appellant by its check bearing the following endorsement:

"Full and final settlement for all work performed and materials furnished under your job #58–11 and for any other work, regardless of nature, performed prior to May 1, 1959, with respect to Rycade's Gasoline Plant."

■ Appellant contends that the doctrine of accord and satisfaction is properly applicable to this case because appellee's claim became unliquidated after the abovementioned "turn key," or contract for a fixed amount, was abandoned in favor of the negotiations subsequently entered into and when appellee accepted appellant's check with the above described endorsement.

We agree with appellant's contention in this case and hold that there was an accord and satisfaction between the parties.

In Section 26, Accord and Satisfaction, 1 American Jurisprudence, 2d it is stated:

"Liquidated means made certain as to what and how much is due, and a liquidated claim is one which can be determined with exactness from the agreement between the parties, or by arithmetical process, or by the application of definite rules of law.

"The term 'unliquidated' means simply not liquidated. A demand is not liquidated even if it appears that something is due, unless it appears how much is due * * *"

■ The testimony in this case shows conclusively that appellee's claim against appellant for the work done was an unliquidated claim. 1 Tex.Jur.2d Sec. 30, p. 228, states the rule in Texas to be that a valid accord and satisfaction of a money demand may be based on payment of an amount less than the creditor contends is due, or which may be actually due where the claim is unliquidated, or where there is a bona fide dispute between the parties as to liability on a liquidated claim. The creditor is bound by such an accord and satisfaction of a disputed money claim. In Section 33, 1 Tex.Jur.2d p. 232, the rule is stated that a money claim subject to discharge pursuant to an accord and satisfaction based on the payment of a smaller sum may be discharged by the creditor's accepting and cashing of a check, in an amount smaller than the claim, tendered on the condition that its acceptance is to be in full satisfaction of the claim. See the above numbered sections of Tex.Jur.2d and the cases cited therein.

When the sum due appellee by appellant became uncertain, there was a valid consideration when appellee accepted appellant's last check as a payment in full. See cases listed in Footnote 8, 1 Tex.Jur.2d, Sec. 30, p. 229.

In view of our holding above, the jury's findings as to any amounts of money due Lasater, that a controversy existed between

the parties or that said controversy was not in good faith become immaterial.

There is testimony by appellee, unsupported by any pleadings or jury findings, that he was led to believe that if he compromised the abovementioned claim he would be awarded contracts in the future by appellant involving larger construction projects costing greater amounts of money. We have read the entire record in this case and there is no evidence of any fraudulent conduct on appellant's part that may have induced the accord and satisfaction.

 Appellee also contends that this Court should not consider appellant's original brief because such brief was not filed within thirty days after the transcript and statement of facts in this case had been filed with the Clerk of the First Court of Civil Appeals, citing Rule 414, Texas Rules of Civil Procedure.[1]

The transcript and statement of facts in this case were filed with the Clerk of the Court of Civil Appeals for the First Supreme Judicial District on May 2, 1963, and under Rules 4 and 414 of the Texas Rules of Civil Procedure, appellant's brief was required to be filed not later than June 3, 1963. However, appellant's attorney had asked for additional time and requested confirmation from the Clerk of the First Court of Civil Appeals that such Court did not require strict compliance with Rule 414, and that appellant's brief would be considered timely filed if received by June 15, 1963. By letter dated June 4, 1963, the Clerk of such Court advised appellant's attorney that appellant's brief would be considered as timely filed if received by June 15, 1963. On June 10, 1963, appellee filed a motion to dismiss the appeal on the ground that appellant's brief was not timely filed. On June 13, 1963, the Clerk of such Court advised the parties that appellee's motion to dismiss the appeal had been refused by the Court. On June 14, 1963,

appellant's brief was filed with and accepted by the Clerk of the First Court. This question need not be re-examined by this Court. Mauldin Drilling Co. v. Weyman, Tex.Civ.App., 3 S.W.2d 585, err. dism.

The case is reversed and rendered that appellee take nothing.

---

I. This case was transferred from the First Court to this Court by the Texas Supreme Court under its authority to equalize the dockets of the various Courts of Civil Appeals, Art. 1738, Vernon's Ann. Civ.St. as amended.